JOHN L. BURST, Appellant, *v.* HARLEY WAYNE, Appellee.

APPEAL FROM McHENRY.

Strictly speaking, a party should reduce his exception to writing, and have it signed during the progress of the trial; but it will be deemed sufficient, if the bill of exceptions is made up and signed during the term at which the cause was tried. This has been deemed requisite, except in cases where counsel consent, or the judge, by an entry on the record, directs that it may be prepared in vacation, and signed *nunc*

*pro tunc;* and in all cases it should appear on its face, to have been taken and signed at the trial.

Where two terms of the court have intervened since the trial, before the bill of exceptions was signed, and no reason for the delay appears upon the face of the record for the delay, the bill of exceptions will be stricken from the record, except under very extraordinary circumstances.

A party must abide the consequences of his neglect, if he does not procure his bill of exceptions to be filed in apt time.

THIS was a motion made to strike the bill of exceptions from the files of this court, for the reason that the bill was signed and sealed, too long after the trial of the cause. The facts of the case are stated in the opinion of the court.

CHURCH & WILLARD, for the motion.

T. L. DICKEY, and C. McCLURE, contrà.

TRUMBULL, J. This cause was finally disposed of at the September term, 1851, of the Circuit Court of McHenry county, and on the 2d of June, 1852, a bill of exceptions was filed in the cause, purporting to have been signed in open court at the May term, 1852, of the Kane Circuit Court. A motion is now made to strike the bill of exceptions from the record.

The 21st section of the practice act, Rev. St. 416, declares, that "if during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow the said exception, and to sign and seal the same, and the said exception shall thereupon become a part of the record of such cause."

Strictly speaking, a party under this statute would be required to reduce his exception to writing, and have it signed during the progress of the trial; but a strict compliance with the letter of the statute, would, in many cases, be impracticable, and has never been required.

It has always been deemed sufficient, if the bill of exceptions was made up and signed during the term at which the cause was tried, and this has been deemed requisite, " except in cases where counsel consent, or the judge, by an entry on the record, directs, that it may be prepared in vacation, and signed *nunc pro*

*tunc,* and in all cases, it should appear on its face to have been taken and signed at the trial." Evans *v.* Fisher, 5 Gilm. 453.

Two terms of the McHenry Circuit Court intervened after the trial of this cause, before the bill of exceptions was signed, and no reason for this delay appears upon the face of the record.

To allow a bill of exceptions, embodying the evidence, to be made up on the *ex parte* application of one of the parties after so long a delay, and after the counsel for the opposite party, as in this instance, have removed from the State, would be a most dangerous practice, and one not to be tolerated except under very extraordinary circumstances. Affidavits have been filed, showing that there was an agreement between the counsel, that the bill of exceptions might be subsequently settled, and an attempt is made to bring this case within the decision in the case of Evans *v.* Fisher. The court went to the very limit of the law, in refusing to exclude the bill of exceptions in that case. Now, we are asked to go a step further.

The affidavits show, that the cause was finally disposed of in October, shortly before the adjournment of the McHenry Circuit Court, and that it was agreed between counsel, that the bill of exceptions might be made up and signed at the succeeding term. of the Circuit Court of Kane county, which was to be held the November following. The parties disagree as to the other terms of the agreement, as will often be the case, so long as counsel neglect to put such stipulations in writing. One party insists that the agreement was, that the bill of exceptions should be prepared and signed during the first week of the Kane Circuit Court, and, that his counsel attended during the whole of that week, for the purpose of having it settled, while the other party claims, that he had the whole of the term within which to prepare the exceptions, and that his counsel attended for that purpose during part of the second week; that the judge who tried the cause being temporarily absent, by exchange with another judge, he did not await his return, but left a bill of exceptions he had prepared with a third person, to be handed the judge on his return. Whether it was presented to him at that term does not appear. At all events, the bill of exceptions now in the record, was not made up and signed till the May

term, 1852, of the Kane Circuit Court. It was not executed according to the agreement, as stated by either of the parties; nor did the absence of the judge who tried the cause, which seems only to have been for part of the term, put it out of the party's power to comply with the agreement.

Had he attended during the first week of the term, as his adversary insists was the agreement, when the facts were freshest in the minds of both the judge and the parties, or had his counsel even awaited the return of the judge, it is not improbable that the bill of exceptions might have been settled during that term. Not having done so, and the absence of the judge during part of the term, being an insufficient reason for failing to comply with the agreement, he must abide the consequences of his own neglect, and the motion to strike the bill of exceptions from the record will be sustained. *Motion allowed.*