H. MAGILL *et al.*

*v.*

JOHN B. BROWN *et al.*

*Filed at Springfield March 21, 1881.*

| | |
|---|---|
| 98 | 235 |
| 121 | 327 |
| 121 | 329 |
| 22a | 365 |
| 25a | 328 |
| 98 | 235 |
| 127 | 252 |
| 98 | 235 |
| 128 | 567 |
| 129 | 127 |
| 98 | 235 |
| 31a | 349 |
| 98 | 235 |
| 138 | 607 |
| 98 | 235 |
| 66a | 158 |
| 98 | 235 |
| 165 | 474 |
| 166 | 159 |
| 98 | 235 |
| 86a | 619 |

1. BILL OF EXCEPTIONS—*filing in time, without signature of judge, is not suffi-cient.* A draft of the evidence, etc., filed in the clerk's office within the time limited for the filing of a bill of exceptions, but without the signature of the judge who tried the case, is no bill of exceptions, and when not presented to and signed by the judge until after the expiration of the time allowed for filing the same, and being then filed as of the date of signing, it will be properly stricken from the record in the appellate court.

2. SAME—*when may be filed after time limited.* If a party presents his bill of exceptions to the judge trying the case, for his signature, within the time pre-scribed for filing the same, he having done all that he can, will not be prejudiced by the non-action or refusal of the judge to sign it until after the date fixed has expired.

3. SAME—*necessity therefor—presumption.* Every reasonable presumption will be indulged in support of the action of a court of general jurisdiction. Exceptions to the decisions of courts at the trial can only be saved for review in an appellate court by bill of exceptions. In the absence of a bill of excep-tions it will be presumed that the evidence was sufficient to warrant the action of the court in respect thereto.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of De-Witt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MOORE & WARNER, for the appellants:

The bill of exceptions was prepared, filed and presented to one of the parties within the time limited by the court—and afterwards considered by the court, and certified to be cor-rect,—signed and sealed. This made the bill a good one, and perfected the appeal. This made the bill a part of the record, and preserved the exceptions that were taken at the times shown by it. If it was filed in time, and afterwards · signed and sealed by the court, it is immaterial when it was signed. *French* v. *Edwards et al.* 13 Wallace, 506; *Dredge et al.* v.

*Forsyth*, 2 Black (U. S.) 567; *Stanton* v. *Embree*, 3 Otto, 555; *United States* v *Bretting*, 20 Howard, 252; *Village of Hyde Park* v. *Dunham*, 85 Ill. 569; *Wilder et al.* v. *House*, 40 id. 92; *Sutherland* v. *Rose*, 47 Barbour, 149; *Underwood* v. *Hossack*, 40 Ill. 98; *Roosevelt* v. *Fulton*, 7 Cowen, 107.

This was a trial by the court without a jury, and the judge having signed and sealed the bill of exceptions it was a part of the record, and should not have been stricken from it. Secs. 60, 61, chap. 110, Rev. Stat. 1874.

The judge of the circuit court, after signing and sealing the bill, directed the clerk to erase and change his file mark, a matter that was not within the scope of his legal power. *Goodrich* v. *Cook*, 81 Ill. 41.

But if the bill was filed or made, in fact, under circumstances not authorized by law, motion should be made in the circuit court to strike it out of the record; and that not having been done, the Appellate Court could not legally do otherwise than consider it a part of the record.   *Hyde Park* v. *Dunham*, 85 Ill. 571; *Wilder et al.* v. *House*, 40 id. 92.

Messrs. McCONNELL, RAYMOND & ROGERS, for the appellees Kinsman and others:

The bill of exceptions was properly stricken out. It should have been presented to the judge within the twenty-one days. Merely filing an *ex parte* statement with the clerk within the time, in vacation, avails nothing.   *Underwood* v. *Hossack*, 40 Ill. 98; *Burst* v. *Wayne*, 13 id. 664; *Hance* v. *Miller*, 21 id. 636.

The judge, in signing this bill of exceptions, certifies expressly that it was not submitted to him in time, and that it was filed, in the first instance, improperly. He directed the clerk to change the original filemark, so that it should not appear that the bill had been signed by the judge before the original and unauthorized filing. It, therefore, "affirmatively appears, from the record," that the bill of exceptions was not signed and sealed within the proper time. Otherwise, *Hyde*

*Park* v. *Dunham*, 85 Ill. 57, and *Wilder et al.* v. *House*, 40 id. 92.

Without the bill of exceptions, it does not appear that any of the claimants were non-residents.

An affidavit, in support of a motion for security for costs, must be saved by bill of exceptions. *Lucas* v. *Farrington*, 21 Ill. 34.

So, also, a motion to dismiss for want of bond, etc. *Douglas* v. *Parker*, 43 Ill. 146.

Mr. HENRY CRAWFORD, for the appellees:

No objection can be allowed on appeal not specifically made in the trial court. An exception should have been taken to the ruling on the motion for a new trial and the evidence preserved in a bill of exceptions. *Reichwald* v. *Gaylord*, 73 Ill. 502; *Nason* v. *Letz*, id. 371.

In the absence of proof, the presumption must prevail that the judgment was warranted by the facts before the court. *Choate* v. *Hathaway*, 73 Ill. 518.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Claimants were creditors of Leverett Brown, deceased, and of whose estate defendants are the executors, and were so nominated in his will. Proceedings were had in the county court of De Witt county, by which the amounts due claimants were allowed against the estate of deceased as claims of the 7th class. It appears other parties, said to be non-residents of this State, filed a number of claims against the estate of deceased, but without giving security for costs, as counsel insist non-resident claimants are required by statute to do. Afterwards the county judge, being of opinion he was interested in the result of the proceedings in said estate then pending before him, ordered all matters concerning the estate to be certified to the circuit court of the county, which was done. On the 31st day of March, 1879, the claimants prosecuting this appeal filed an affidavit in the circuit court, stating the

non-residence of the other claimants, and moved to dismiss each of their claims for want of security for costs, but the court overruled the motion. Their claims were afterwards allowed against the estate as of the 7th class.

In answer to a citation served upon them, the executors made a report of funds in their hands belonging to the estate, and after it was amended the report was approved by the circuit court where the estate was then being administered. Appellants asked the court to order the executors to pay their claims, which had been previously allowed in the county court, out of assets of the estate then in their hands, before making any payments on the claims of other creditors of the estate allowed at that term of the circuit court, but the motion was overruled by the court. An appeal was then prayed to the Appellate Court, from the orders of the circuit court, approving the executors' report and overruling these claimants' motion to have their claims paid to the exclusion of other creditors of the estate, which was allowed, on condition claimants would give bond with sureties—the "bond and bill of exceptions, to be filed in twenty-one days."

The appeal bond required to be given to perfect the appeal was given within the time prescribed by the order of court, but no bill of exceptions signed by the judge who tried the cause on the circuit, was filed within that time. Counsel for the appealing claimants prepared a bill of exceptions, and caused it to be filed in the office of the clerk of the circuit court, but it was not presented to the judge before whom the cause was heard, for his signature, until some days thereafter.

Afterwards, when the judge did sign the bill of exceptions, he directed the clerk to erase the former file mark, and file the same as of October 7, 1879, which was the day it was presented to him for his signature, and on which he signed it. On the hearing of the appeal in the Appellate Court, on motion of counsel for the executors, the bill of exceptions incorporated in the transcript was stricken out as constitu-

ting no part of the record. That decision, among others, is assigned for error in this court.

·It is conceded the time fixed by the order of the court, in which the bill of exceptions could be properly filed, expired on the 2d day of October, 1879. No bill of exceptions had then been filed, unless the draft prepared by counsel for appealing claimants, which had not then received the signature of the judge who tried the cause, could be treated as a bill of exceptions. This can not be done. It was no bill of exceptions until it had the approval and signature of the judge. It was not even presented to the judge for his examination until October 7th, which was then too late for any action to be taken in regard to it. Had the bill of exceptions in this case appeared to have been signed by the judge and filed within the time prescribed by the order of the court, the case would have come under the rule declared in *Underwood* v. *Hossack*, 40 Ill. 98, and *Hyde Park* v. *Dunham*, 85 id. 571. It does not so appear. On the contrary it affirmatively appears the bill of exceptions was neither presented to nor signed by the judge, until after the expiration of the period fixed for filing the same. The case is within and must be controlled by *Hance* v. *Miller*, 21 Ill. 636, and *Burst* v. *Wayne*, 13 id. 664.

Counsel could have complied with the order of court by presenting his bill of exceptions to the judge within the time prescribed. That was not done. This court has frequently held that where a party presents his bill of exceptions to the judge within the time prescribed for filing it, he has complied with the rule so far as it is in his power to do so, and he is not to be prejudiced by the non-action or refusal of the judge to sign it until after the date fixed has expired.

It is insisted the judge had no rightful authority, when he signed the bill of exceptions, to direct the clerk, as he did, to erase the former file mark and cause it to be re-filed as of the day it was in fact presented to and signed by him. He had the clear right to direct the clerk to re-file the bill of

exceptions as of the correct date, and it is not a matter of the slightest consequence whether the former file mark was erased or not.

Under the facts appearing, the bill of exceptions found in the transcript was no part of the record, and was properly stricken out by the Appellate Court.

Now that the bill of exceptions has been stricken out of the record, nothing remains to indicate or show any erroneous action or decision on matters submitted to the court. Every reasonable presumption will be indulged in favor of the action of a court of general jurisdiction. Exceptions to the decisions of courts at the trial can only be saved for review in an appellate court by bill of exceptions taken at the trial. That was not done in this case. This court is left free to indulge the presumption, the action of the court was warranted by the evidence heard on the trial. What that evidence was, of course this court can not know without a bill of exceptions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*