# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1886.

## THE PEOPLE EX REL. WILLIAM H. STOELKE
### v.
## ROLLIN S. WILLIAMSON.

*Practice—Bill of Exceptions—Mandamus to Compel Judge to Sign—Time—Waiver—Stipulation.*

Upon a petition to compel a Judge of the Superior Court of Cook County to sign a bill of exceptions, it is *held:* That the acceptance of the bill by plaintiff's attorney and a stipulation between the attorneys of the parties for delay pending the absence of the Judge, in connection with the acts of the attorneys, amounted to a waiver of the right of the plaintiff to have it presented to the Judge within the time limited by the order of the court; and that the fact that the bill would not be filed in time to perfect the appeal to this court, does not affect his right to file it.

[Opinion filed January 13, 1887.]

ON PETITION for *mandamus.*

Messrs. GEORGE C. BUELL and WM. B. BRADFORD, for petitioner.

Mr. ARNOLD TRIPP, for respondent.

*Per Curiam.* This is a petition for a writ of *mandamus* to compel Rollin S. Williamson, one of the Judges of the Superior Court of Cook County, to sign and seal a bill of exceptions in

a certain suit, the trial of which took place before him. The trial of the case was had on May 6, 1886; motion for a new trial was denied and judgment rendered. An appeal was allowed to petitioner, and an order entered giving him twenty days time within which to file his bill of exceptions, and the time was extended by orders entered on the record from time to time till August 3, 1886. On August 2, 1886, the following stipulation was given by the attorney for plaintiff in said suit to the attorney for the defendant:

"In the case of the Chicago Building Supply Company v. Stoelke, owing to the absence of Judge Williamson, I consent that the bill of exceptions, when approved, may be filed as of August 2, 1886.          (Signed)          Arnold Tripp,

For Plaintiff."

Respondent opened his court after the summer vacation, on September 20, 1886, and on October 15th the bill of exceptions was presented to respondent to sign, and he refused to sign the same. From affidavits attached to the petition and the answer it appears that short-hand notes of the testimony given at the trial of said suit were taken, and that the evidence was written out and was in the possession of the attorney for the defendant at the time the motion for a new trial was overruled, and that on August 2d, at the time when the stipulation above set out was given, the bill of exceptions was delivered to plaintiff's attorney to look it over and see what, if any, objections he had to suggest; that said bill of exceptions was returned to the office of defendant's attorney about August 10, 1886, with corrections in pencil noted thereon, but that the attention of defendant's attorney was not called to the return to his office of said bill of exceptions, and that he did not discover that it had been so returned till a few days prior to the commencement of the October term of this court. On October 9, 1886, a notice was served on the plaintiff's attorney by the attorney for defendant in said suit, that on October 11, 1886, at the opening of court, the bill of exceptions would be presented to the Judge for approval and signature. And on the 15th day of October the matter was heard by the court upon affi-

davits filed by both parties, and respondent refused to sign the bill of exceptions presented. Respondent states in his answer that he " has not examined the same and therefore can not say whether it is a correct bill of exceptions or not but determined the question solely on the ground that the time within which the bill of exceptions should have been presented had expired."

The usual practice that has obtained in this State with reference to the filing of bills of exceptions where there is no special rule of court, is for the party who is to prepare the bill to present it to the Judge, upon notice to the other party within the time limited by the order of court. If the other party desires to examine it before it shall be signed, the Judge will mark on the bill the fact of its presentation, and the other party may then take it, and thereafter time will not run against the party who has prepared the exceptions. Underwood v. Hossack, 40 Ill. 98; Magill v. Brown, 98 Ill. 235, 239.

We think the fair interpretation of the stipulation and the acts done by the attorneys when it was signed was that taking of the bill of exceptions by plaintiff's attorney was a waiver of its being presented to the Judge at that time, and was of the same effect as if it had been so presented and taken by the plaintiff's attorney for examination, and that thereafter time did not run against the defendant. The bill of exceptions was then in the hands of the plaintiff's attorney, under the stipulation that when signed it should be filed as of August 2d. He was then bound to take some step before he could justly object to have the bill of exceptions signed and filed as of that date. It appears from the record that defendant's attorney had no knowledge that the bill had been returned to his office until a short time before he presented it to the court for signature. No notice was served upon him by plaintiff's attorney specifying objections to the bill or requiring him to appear before the court and have it settled. When defendant's attorney discovered that the bill had been returned to his office, and that there were objections noted upon it, he proceeded with proper diligence to have the bill settled and signed, and under the circumstances we do not think that plaintiff was in

a position to object to the signing of the bill on the ground that the time for filing had elapsed.

The fact that the bill would not be filed in time to perfect the appeal to this court, ought not to militate against defendant's right to file it. He can take a writ of error as a matter of legal right, and a bill of exceptions may be important to him in prosecuting such writ.

We are of opinion, under all the circumstances of this case, that the bill of exceptions ought to have been signed by the respondent when presented to him, and the *mandamus* will therefore be awarded pursuant to the prayer of the petition.

*Mandamus awarded.*