SAMUEL S. HAKE

*v.*

ISAAC J. STRUBEL.

*Filed at Mt. Vernon June 20, 1887.*

1. BILL OF EXCEPTIONS—*of its office.* The office or purpose of a bill of exceptions is to preserve in and make a part of the record such matters as transpired in the progress of a trial, that otherwise would not become a part thereof.

2. SAME—*settling bill of exceptions, and signing and sealing the same, as judicial and ministerial acts.* The settling and allowance, signing and sealing, a bill of exceptions, considered as a single act, is in its nature both judicial and ministerial. Determining its correctness is judicial, while the mere act of signing and sealing the same is purely ministerial.

3. SAME—*extending the time in vacation for the filing of a bill of exceptions, or an appeal bond—and herein, when the ministerial act of signing may be done.* Where the judge trying the case enters an order, giving sixty days in which to prepare and have signed and filed a bill of exceptions, he will have no power, after the close of the term, even within the sixty days limited, to extend the time, and if he approves and signs the bill of exceptions after the sixty days, the act of so approving and signing will be treated as a nullity.

4. The making of an order allowing an appeal, and fixing the amount of the appeal bond, and the time in which the bond and bill of exceptions shall

21—121 ILL.

be presented and filed, is a judicial act, which can only be performed by the judge in term time, and when sitting as a court. So an order extending the time for filing such papers is an exercise of judicial power, and can be performed only in term time.

5. It is not to be understood, however, that the mere ministerial act of signing and sealing a bill that has been presented to and settled and allowed by the judge in apt time, may not lawfully be performed out of term, or after the expiration of the time fixed in the order, and the same be filed as of the time of its settlement and allowance, or that the rights of the exceptor, presenting his true bill in apt time, can be affected by the neglect or refusal of the judge to perform his duty.

6. But after the time limited in vacation for the sealing of a bill of exceptions has expired, so that the judge is powerless to act, he can not be vested with the requisite power to settle and allow the bill, even by consent or agreement of the parties.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. F. G. COCKRELL, for the appellant.

Mr. M. MILLARD, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Final judgment in this case was rendered on April 21, 1886, in the St. Clair circuit court, and appellant prayed and was allowed an appeal, the bond and bill of exceptions "to be filed" within sixty days. The bill of exceptions appearing in the record was not presented to the trial judge, nor signed and sealed by him, within the time named in this order. Upon the record being taken into the Appellate Court for the Fourth District, on motion of the appellee, the bill of exceptions was there stricken from the record, and the judgment of the circuit court affirmed. On petition of appellant, the cause was by the Appellate Court certified into this court, as presenting questions of law of importance, that should be passed upon by this court, "and the practice in this State in such cases be thereby settled." The question submitted is thus stated:

"Whether a circuit judge, in vacation, under the facts stated in the bill of exceptions contained in this record, and the affidavits submitted to the Appellate Court on this motion to strike the said bill of exceptions from the record, has the power to extend the time for presenting and filing such bill of exceptions beyond the time fixed by the court when granting the appeal, and still make it a part of the record."

It appears from the bill of exceptions and the affidavits certified to us by the Appellate Court, that the evidence adduced at the trial was reported stenographically; that about June 2 or 3, the stenographer informed counsel for both parties that he was so engaged in reporting important criminal cases, and had so many transcripts to prepare, he could not possibly prepare the transcript in this case within the time fixed; that appellant's counsel applied to the judge who tried the case, to extend the time, and on June 4, 1886, such judge wrote appellant's counsel, that "the time to present bill of exceptions in the *Hake* v. *Strubel case,* will be extended fourteen days, as you desire, and you can have Judge . . . . . . . . . to enter the extension on the Judge's docket for me, and for so doing, this shall be his authority;" that after the bill of exceptions had been prepared, and before its presentation to the trial judge, it was presented to counsel for appellee, who indorsed thereon, "O. K.—M. Millard;" that the bill was then, and within the extended time, presented to the trial judge; that before the bill was signed and sealed by the judge, the following words were therein inserted: "It having been presented to counsel for defendant, and the said attorneys agreeing that said bill of exceptions be considered as presented, signed and filed as of this 2d day of July, 1886;" and that the sixty days mentioned in the order for appeal expired on June 21, 1886.

The question we are asked to determine has relation to the power of a circuit judge, out of term, to open and change the record of a court held by him, and also to the character of

the act of a judge in approving, signing and sealing a bill of
exceptions in vacation, and whether the allowing and signing
of a bill at such time thereby makes the matters contained
therein part of the record. It seems to us, the question of
power is not an open one, or the rule of practice doubtful.
When the February term, 1886, of the St. Clair circuit court
ended by final adjournment, the record was closed, and the
presiding judge lost control over it. Up to that time the
record had remained under his control, and might be changed
by him according to his judicial will; but when once the term
of the court ended, the record of the court, as made in term
time, became fixed and unalterable, except as it might be
changed in the modes and manner known to the law. This
principle is fundamental, requiring no citation of authority
in its support, and any departure therefrom would inevitably
entail consequences dangerous to the administration of justice
and injurious to all litigants. In this case, the term having
been adjourned and the record closed prior to June 4, 1886,
it seems needless to say that a mere private letter of a judge
who had held the adjourned term of a court, addressed to an
attorney, requesting another judge to change, in vacation,
the judges minutes upon the docket of the court, whereby the
time in which a bill of exceptions in a cause in that court
might be filed should be extended beyond the time fixed in
the order for appeal entered in term, could not effect the
purpose intended. True, this letter of the judge was written,
and the order of extension made, before the sixty days named
in the order allowing appeal, and fixing its terms and condi-
tions, had expired; but this could in no way affect the ques-
tion under consideration. The question is not as to the power
of the judge during the time named in the original order, and
when he should be assuming to act under and in accordance
therewith, but to his power, outside the order, to change the
order itself. The statute (Practice act, sec. 67,) requires that
appeals shall be prayed and allowed "at the term at which

the judgment, order or decree was rendered," (*National Insurance Co.* v. *Chamber of Commerce*, 69 Ill. 22,) and that the bond shall be given for the amount and within the time fixed "by the court." The making of the order allowing appeal, and fixing the amount of the bond, and the time in which the bond and bill of exceptions in the cause shall be presented and filed, is a judicial act, which can only be performed by the judge in term time, and when sitting as a court. The making of the order is an exercise of the judicial power vested in the presiding judge, but the order, when made, is the order of the court. If, then, the original order of appeal, providing, *inter alia*, within what time the bill of exceptions in the cause might be presented and filed, was a judicial act, which could only be performed by the judge in term time, and when sitting as a court, as we have seen is the case, it follows, that the act of changing such an order by entering another order extending the time in which the bill of exceptions in the cause might be presented and filed, fourteen days, would be of the same judicial character,—an exercise of judicial power; and such an act could be performed by a judge only in term time.

But the question submitted involves, also, the consideration of the character of the act performed by a circuit judge in settling and allowing, signing and sealing, a bill of exceptions in vacation, and not within the time fixed by an order of court entered in term time, with a view to determining whether a bill so allowed and settled, signed and sealed, thereby becomes a part of the record of a cause. While the conclusion reached by us can be stated in few words, the legal principles upon which such conclusion rests, can not be so briefly given.

Bills of exceptions were first introduced into the English practice by the Statute of Westminister, (13 Edw. I, chap. 3,) whereby the judge signing the bill was required to come into the appellate court, and there confess or deny his seal to the bill. Exceptions, at common law, were required to be taken at the time the alleged erroneous ruling or decision was made,

and the bill must have been presented, settled, signed and sealed before verdict, or before the jury were discharged,—and such was the early practice in this State. *Clemson* v. *Kruper,* Breese, 162; *Swafford* v. *Dovenor,* 1 Scam. 165; *Gilmore* v. *Ballard,* id. 252; *Leigh* v. *Hodges,* 3 id. 15; *Gibbons* v. *Johnson,* id. 61. By the statute of January 29, 1827, (Rev. Stat. 1827, p. 315, sec. 19,) relief against the onerous duty imposed by the common law upon the trial judge was afforded, and provision was made whereby either party alleging an exception was required to reduce his bill of exceptions to writing, and the judge to sign and seal it, and thereupon it should become a part of the record. And this act, without other change than the extension of the right of exception to cases tried by the court without a jury, overruling motions for new trials, etc., (Act of July 21, 1837, 1 Laws of 1837, 109,) has remained upon the statute books of this State to this time. Rev. Stat. 1833, 486; Rev. Stat. 1845, 416; 1 Gross' Stat. 512; Rev. Stat. 1874, 782.

By an unbroken line of decisions it has been held by this court, that the exception must be taken at the time the alleged erroneous ruling or decision was made; and, also, that the bill of exceptions should show upon its face that the exception was taken at the time, and the bill signed, sealed and filed during the term. But to meet the varying exigencies, and for the convenience of bench and bar, the practice early obtained of allowing time in which to present the bill of exceptions, by an order entered of record in the cause, or by a written stipulation of parties filed in the case; and the time thus allowed often extended beyond the term, and the correctness of this practice has been repeatedly sanctioned by this court. See *Evans* v. *Fisher,* 5 Gilm. 453; *Burst* v. *Wayne,* 13 Ill. 664; *Brownfield* v. *Brownfield,* 58 id. 152; *Goodrich* v. *Cook,* 81 id. 41.

The duty imposed by the law upon the party alleging an exception, and desiring to have the erroneous ruling and

judgment reviewed in an appellate court, to present his bill to the trial judge for settlement and allowance, signature and sealing, at the term when such alleged erroneous ruling or judgment was made, or within such time as the parties, by their agreement, made part of the record, might stipulate, or within the time allowed by the court in its order to that effect appearing in the record, has been often affirmed by this court. The reducing of the exception to writing, and the tendering of it to the judge in the form of a bill of exceptions, was, by the statute, cast upon the exceptor, and being matter under his control, the law would not permit an excuse, for, as we have seen, if for any reason there was not time during term for him to perform the requisite labor, the court could, on application, by its order, extend the time into vacation, or even to the succeeding term. By the statute it was made the duty of the trial judge to sign and seal every true bill so tendered, and when the judge neglected or refused to sign a true bill tendered in apt time, such neglect or refusal, it was held, in no way affected the right of the exceptor, for the reason he had done all that the law required him to do. *Magill* v. *Brown,* 98 Ill. 235.

The settling and allowance, signing and sealing, a bill of exceptions, under the law, considered as a single act, is, in its nature, both judicial and ministerial. It is judicial in this, that the trial judge must adjudge whether the bill presented is, under the law, a proper bill for him to sign, and he alone must decide whether, in its recital and contents, it conforms to the fact; while the mere act of signing and sealing a bill, after the judicial act of settling and allowing it has been performed by the judge, is purely ministerial. If this distinction has not heretofore been clearly and sharply defined by this court, it does, we think, appear in the reported cases. In *Emerson* v. *Clark,* 2 Scam. 489, the settling of a bill of exceptions,—that is, the determination and identification of what should be incorporated therein,—was said to be a judi-

cial act. It was a judicial act, in that case, for the judge to identify the two papers as the two papers introduced in evidence on the trial, and this he could not delegate to the defendant or the defendant's counsel. In *People* v. *Pearson*, 2 Scam. 189, it was said, "that the act of signing and approving the bill, is, in its nature, ministerial, though a legal discretion is, in some measure, to be used in determining the character of the bill to be signed, inasmuch as it is not every bill which may be presented, that the judge will be bound to sign." And in *Dent* v. *Davison*, 52 Ill. 109, it was said: "It is for the judge to determine, in the first place, whether, under the law, he is bound to sign a bill of exceptions,—whether the party demanding it has conformed to the law in preserving the exceptions, and has made up and presented his bill as required by the law, and has, in other respects, a legal right to demand his signature to the bill. The signing of the bill is a solemn official act."

The statute before referred to, read in the light of the history of bills of exceptions, and the former practice prevailing in this State, and taken in connection with the character of the act to be performed by a judge in settling and allowing, and signing and sealing, a bill, as a single act, when properly construed, requires us to hold, as we think, that the judge is powerless to perform this complex act except during the term of court at which the alleged erroneous ruling or judgment was made, or within such time thereafter as the parties may have agreed in the record, or as may have been by the court, in term time, allowed by its order of record. The language of the statute itself would seem to forbid any other construction ; but when to this is added the consideration of the peculiar character of the act itself, the conclusion seems irresistible that such an exercise of judicial power can not be performed out of term, or beyond a time agreed or allowed of record, in the absence of a statute so expressly providing, and thereby make the matters contained in a bill of exceptions so allowed

and executed, a part of the record. The office and purpose of a bill of exceptions is to preserve in and make part of the record such matters as transpired in the progress of a trial, that otherwise would not become a part thereof; and if a bill could be allowed and executed after term, or beyond a time agreed or allowed of record, and after the record of the court had become closed by operation of law, it would be, in effect, to open and change the record of a court at a time and under circumstances not recognized by the law,—and this, as we have seen, can not be done. See *Evans* v. *Fisher*, 5 Gilm. 453; *Burst* v. *Wayne*, 13 Ill. 664; *Hance* v. *Miller*, 21 id. 636; *Dent* v. *Davison*, 52 id. 109; *Wabash, St. Louis and Pacific Railway Co.* v. *People*, 106 id. 652; *Magill* v. *Brown*, 98 id. 235.

We do not intend to be understood as holding that the mere ministerial act of signing and sealing a bill that has been presented to, and settled and allowed by, the judge in apt time, may not be lawfully performed out of term or after the expiration of the time fixed in the order, and the same be filed as of the time of its settlement and allowance; nor to hold that the rights of the exceptor presenting his true bill in apt time, can be affected by the neglect or refusal of the judge to perform the duty imposed upon him by the statute within the time limited; but to hold, that where, as in this case, the bill is not presented to the judge, nor settled and allowed by him, nor filed, until after the term has ended and the time fixed in the order has expired, the act of settling and allowing the bill is a nullity, and the matters contained in such bill do not become a part of the record; and where this appears affirmatively from the record, as in this case, advantage may be taken thereof by motion to strike the bill of exceptions from the record, as was done in the Appellate Court. *Magill* v. *Brown*, 98 Ill. 235, and cases there cited.

In view of what has been said, it is unnecessary to discuss the effect of the act of appellee's attorney in marking the bill,

when presented to him after the sixty days, "O. K.," and sign-
ing his name, or of any agreement entered into by the attor-
neys of the parties after that time, if any was made, further
than to observe, that during the term, as the authorities clearly
show, the parties may bind themselves by an agreement or
stipulation of record, as to the time in which a bill may be
presented and filed; but after term, and after the time for
presenting the bill fixed in the order of appeal had expired,
if the judge was powerless to act in the premises, as we have
seen he was, he could not be vested with the requisite power
to settle and allow a bill by consent or agreement of the
parties.

For the reasons presented, the question submitted by the
Appellate Court must be answered in the negative, and the
judgment of that court affirmed.

*Judgment affirmed.*