### LOUISA DOUGLASS
### V.
### JOSIAH D. SUGGS.

*Practice—Bill of Exceptions—Time of Signing.*

A bill of exceptions which was presented to the judge, and signed by him, after expiration of the time allowed by order of the court, will on motion be stricken from the record.

[Opinion filed June 3, 1890.]

IN ERROR to the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. J. A. McKENZIE and C. C. CRAIG, for plaintiff in error.

Messrs. AMMON KIDDER and BREWER & STRAWN, for defendant in error.

*Per Curiam.*    Motion by defendant in error to strike the bill of exceptions from the record.

This motion is based on the fact as claimed that the bill of exceptions was not presented to the judge or signed by him within the time allowed by the order of the court.   It appears

that the court made an order on the 2d day of November during its session, extending the time to sign bill of exceptions for five days. On the 5th of the same month the court adjourned in course.

The bill of exceptions was not presented to the judge for signature until the 13th of the same month, several days after the time limited by the order of extension had expired. This, as uniformly held by the Supreme Court and this court, was too late, and the signing without the power of the judge. Hake v. Strubel, 121 Ill. 321; Harns v. People, 21 N. E. Rep. (S. C. Ill., June 15, '89); Dickey v. Town of Bruce, 21 Ill. App. R. 445.

The motion is therefore sustained and the bill of exceptions stricken from the record.

*Motion sustained.*