Francis C. Mullen

*v.*

The People *ex rel.* T. S. Wyatt, Collector.

*Filed at Springfield November 2, 1891.*

1. Practice—*in the absence of bill of exceptions, ruling on motions presumed correct.* Where a motion for leave to amend an objection to the rendition of judgment for delinquent special assessments is over-ruled, and a motion to strike the objection from the files is sustained, and no bill of exceptions is taken showing the grounds on which the motion was made or upon which the court acted, it will be presumed that the rulings were proper. In such case every intendment will be indulged to sustain the action of the court below.

2. Same—*exceptions to ruling on motions, how preserved.* There is no mode by which an exception to the decision of the court below on motions can be properly preserved, so as to make the action of the court reviewable on appeal, except by bill of exceptions.

Appeal from the County Court of Douglas county; the Hon. William H. Bassett, Judge, presiding.

Mr. J. M. Newman, and Mr. O. B. Ficklin, for the appellant.

Messrs. Eckhart & Moore, for the appellee.

Mr. Justice Bailey delivered the opinion of the Court:

This was an application by Thomas S. Wyatt, county treasurer and *ex officio* collector of Douglas county, to the County Court of said county, for judgment against certain lands of Francis C. Mullen and others, for a delinquent special assessment for drainage purposes, made by Drainage District No. 2, in the township of Garrett in said county. Mullen appeared and filed certain objections in writing to the entry of judgment against his lands, and said objections were set for hearing on a particular day fixed by the court. Subsequently a motion was made on behalf of said county collector to strike said

objections from the files, and Mullen thereupon entered his' cross motion for leave to amend one of his objections. Said' motions coming on to be heard, the cross motion was denied and the original motion was sustained, and judgment was rendered against the several tracts of land of said objector for the several amounts assessed thereon. From that judgment Mullen has appealed to this court.

The foregoing facts are shown by the record proper, but the transcript contains no bill of exceptions, and it is therefore impossible for us to know the grounds upon which either of said motions was based, or the grounds upon which the court' acted in deciding them. It can not be doubted that grounds might have existed which would warrant the court in refusing leave to amend the objections filed, and in striking said objections from the files, and in the absence of a bill of exceptions showing the contrary, it will be presumed, in support of the judgment of the County Court, that such grounds in fact existed. In such case every intendment will be indulged in to sustain the action or judgment of the court below. *Magill* v. *Brown*, 98 Ill. 235; *Gardner* v. *Russell*, 78 id. 292; *Barger* v. *Hobbs*, 67 id. 592. Nor is there any mode by which an exception to the decisions of the court upon said motions could be properly preserved so as to make the action of the court reviewable on appeal except by bill of exceptions. *Saunders* v. *McCollins*, 4 Scam. 419; *Snell* v. *Trustees of M. E. Church*, 58 Ill. 290; *Drew* v. *Beall*, 62 id. 164; *Reed* v. *Horne*, 73 id. 598; *Fanning* v. *Russell*, 81 id. 398; *Blair* v. *Ray*, 103 id. 615.

Such being the condition of the record, no question is presented which we can consider, and the judgment of the County Court will therefore be affirmed.

*Judgment affirmed.*