## Adele Weber, for the use of People's Outfitting Co. v. German Ins. Co. and Nathan J. Schilling et al., Interpleaders.

1. ABSTRACTS—*Defective.*—Where the abstract is not sufficiently full to present the errors upon which the plaintiff in error or appellant relies, the court will not, as a general rule, go to the record for such information.

2. BILL OF EXCEPTIONS—*Sealing and Signing Ministerial.*—The sealing and signing of a bill of exceptions is merely a ministerial act.

3. SAME—*May be Signed and Sealed by the Judge after he Enters upon a New Term, as His Own Successor.*—The fact that the judge had entered upon a new term of office as his own successor at the time he signed and sealed the bill of exceptions, is immaterial.

4. COLLATERAL ATTACK—*Justice's Judgment—Grammatical objections.*—A justice's judgment rendered in a proceeding which was repeatedly continued by agreement, until it was finally heard, all parties appearing, and in which the justice had jurisdiction of the subject-matter and of the parties, can not be questioned collaterally for grammatical objections.

Garnishment.—Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed January 24, 1899. Rehearing denied February 24, 1899.

MEYER S. EMRICH, attorney for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, attorneys for defendants in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It does not affirmatively appear in the abstract of the record filed in this case what the judgment of the Circuit Court was, which the plaintiff in error seeks to have reviewed here. All that the abstract contains upon that subject is: "Finding of the court, entry of the judgment on the findings." From the assignments of error appearing in the abstract, we are led to the conclusion that the Circuit Court found "the issues for the interpleaders below and against the plaintiff below," and discharged "the garnishee below," and entered judgment upon such findings;

because it is stated that "the court erred" in so doing. This abstract is not sufficiently full to present all the errors upon which plaintiff in error seems to rely, and is defective as against her. Shields v. Brown, 64 Ill. App. 259, and cases there cited.

A motion is made in this court by defendant in error to strike the bill of exceptions from the record. At the time of the entry of judgment, plaintiff in error was allowed thirty days for a bill of exceptions. The time was subsequently extended, and the bill of exceptions was presented in open court, within the time of such extension, but was, it is said, settled and signed at a considerably later time and after the period of extension had expired. The term of the judge before whom the case was tried had meanwhile expired, but he had been duly re-elected and qualified as his own successor, and was in the regular performance of his judicial duties, holding a term of the Circuit Court. Objection was made to his settling and signing the bill of exceptions, upon the ground that the time within which this could be done had expired, and that the judge had lost jurisdiction by the expiration of his previous term of office. In the case of Hake v. Strubel, 121 Ill. 321, 329, the court says:

"We do not intend to be understood as holding that the mere ministerial act of signing and sealing a bill that has been presented to and settled and allowed by the judge in apt time, may not be lawfully performed out of term or after the expiration of the time fixed in the order, and the same be filed as of the time of its settlement and allowance; nor to hold that the rights of the exceptor presenting his true bill in apt time, can be affected by the neglect or refusal of the judge to perform the duty imposed upon him by the statute within the time limited; but to hold that where, as in this case, the bill is not presented to the judge, nor settled and allowed by him, nor filed until after the term has ended and the time fixed in the order has expired, the act of settling and allowing the bill is a nullity, and the matters contained in such bill do not become a part of the record, and where this appears affirmatively from the record, as in this case, advantage may be taken thereof by motion to strike the bill of exceptions from the record, as was done in the Appellate Court."

In this case it appears that the plaintiff in error presented his bill—and for aught that appears it was then a true bill—in apt time, and we think his rights can not be affected by anything that is shown in this record as done subsequently by the judge to whom it was presented, nor by the delay in signing.

The exceptor, so far as appears, had done "all in his power, without the further consent or assistance of his adversary, to reproduce to the court the evidence and transactions taken and occurring at the trial," as was said in The People v. McConnell, 155 Ill. 192, 200. It is true that it is stated the bill of exceptions was " settled " the day when it was signed, " and not before." But this is a statement of a mere conclusion. It does not appear that anything was done at that time, constituting a judicial settlement of the bill, nor that the trial judge performed any judicial act, such as " the determination and identification of what should be incorporated therein." (Hake v. Strubel, *supra*, on p. 327.) The act of signing and sealing was ministerial.

If the bill as presented was, in fact, a true bill, as to the correctness of which there was no dispute, and the delay in obtaining the court's signature was merely to enable the opposing counsel to examine it and determine that fact, there would be no occasion for the court to perform any judicial act in " settling " the bill. Nothing remained to be done except to sign and seal it, and this was, we think, properly done.

The fact that the judge had entered upon a new term of office as his own successor at the time he signed the bill of exceptions, is immaterial.

In People v. McConnell (155 Ill. on p. 202), it is said : " Every facility possessed by the trial judge, except that of personal recollection, is within the power of his successor in office presiding in his place and stead, and no reason can be perceived or exist why the judge to whom the application is made may not, in like manner, advise himself, and by like means arrive at a correct determination of what the bill of exceptions should contain."

Where the judge succeeds himself, he continues to exercise any and every power lodged in the court.

The motion to strike out the bill of exceptions must be denied.

We are of opinion that the judgment in favor of Dernberg et al., rendered by the justice, was valid. The objection to it is grammatical—whether the word " when " in the transcript of the justice's judgment relates to the date of the return of the writ by the constable, or to the return day of the summons. The transcript shows the case to have been repeatedly continued " by agreement " until it was finally heard, all parties appearing, including plaintiff in error. The justice appears to have had jurisdiction of the subject-matter and of the parties. Pomeroy v. Rand, 157 Ill. 176.

No appeal was taken from this judgment, which is now questioned collaterally. The parties must be held concluded by those proceedings.

The judgment of the Circuit Court is affirmed.

PER CURIAM.

In a petition for rehearing filed herein, it is suggested that the court inadvertently overlooked, first, the claim of plaintiff in error that its execution in the hands of the sheriff was a lien upon the fund in possession of the garnishee prior to the judgment in favor of Dernberg et al.; and second, the claim that by service of the writ of March 22d on the garnishee, the Circuit Court obtained jurisdiction prior to that of the justice, which it was contended was obtained March 27th. It is sufficient to say that these contentions were not overlooked, but were not, apparently, seriously urged in the brief of plaintiff in error, and it was not deemed necessary to discuss them at length.

It is not necessary now. We do not regard the execution in the sheriff's hands as creating such lien, and the jurisdiction of the justice attached at the time of the service of the writ of March 17th.

The petition for rehearing is denied.