## Mathew H. McKillip v. Francis G. Bonynge.

1. MALA PROHIBITA—*Recoveries.*—A recovery may be had for the performance of a service, although such performance is made unlawful by a statute previously enacted, but which does not go into effect until after the service has been performed.

2. PRESUMPTIONS—*From a Common Law Record.*—Where there is no bill of exceptions the court will presume, unless the contrary appears from the common law record, that the proceedings in the case were regular.

Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed January 18, 1900. Rehearing denied.

**Statement.**—Appellant, who is a veterinary surgeon, was employed by appellee to perform an operation known as docking upon appellee's horse. By reason of the operation the horse was so injured that it died. Appellee brought this suit to recover damages, alleging that the loss of the horse resulted from negligence and lack of skill upon the part of appellant. To the declaration appellant demurred. The declaration is formal and the only ground of demurrer was that the operation performed by appellant and described in the declaration, is one which is prohibited by the statute. The demurrer was overruled. Upon the overruling of the demurrer an order was entered, which appears in the abstract of record as follows: "Order to plead within ten days." Upon June 27, 1894, which was eleven days after the entry of the order to plead, appellant was defaulted. And on the 24th of May, 1895, a jury was impaneled to assess appellee's damages. Damages were assessed at $750, and a judgment thereon rendered. Subsequently a motion to vacate the judgment and to set aside the default was denied.

EDMUND FURTHMANN, attorney for appellant.

SIDNEY S. GORHAM, attorney for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

But two questions are presented upon this appeal: First, whether the demurrer to appellee's declaration was properly overruled; and secondly, whether there was error in the assessment of damages.

Upon the first question no other contention is made by appellant except that the statute prohibits the sort of surgical operation which was performed by appellant, and that the claim of appellee can not be maintained for a matter growing out of an unlawful undertaking. It is sufficient to say, in disposing of this contention, that the act alleged in the declaration as the ground of action, is laid at the date of June 3, 1891, and that the statute relied upon was approved upon June 17, 1891, and in force for the first time upon July 1, 1891.

The second contention is based upon an alleged lack of notice to appellant or his counsel of the inquest of damages. Without discussing the necessity of such notice, it is enough to say that the record does not disclose any such lack of notice. There is no bill of exceptions. From all that appears from the common law record we must presume that the proceedings were regular. Phillips v. Kerr, 26 Ill. 213; St. Louis & S. E. Ry. Co. v. Wheelis, 72 Ill. 538; Magill v. Brown, 98 Ill. 235; Mullen v. The People, 138 Ill. 606. The judgment is affirmed.