[No. 2773.]

## THE LOCKHAVEN TRUST AND SAFE DEPOSIT COMPANY v. THE UNITED STATES MORTGAGE AND TRUST COMPANY.

**Mandamus—Bills of Exception.**

Mandamus may issue to compel a judge to sign a bill of exceptions after it has been settled, but the duty of settling the bill, that is, determining what it shall embrace, is judicial, and where a judge refuses to sign a bill because it does not include matter which he thinks ought to be included mandamus will not issue to compel him to sign it.

*Appeal from the District Court of Arapahoe County.*

Mr. T. J. O'DONNELL, for appellant.

Messrs. DINES & WHITTED, Messrs. BROWN & GIL-LETTE and Messrs. BARTELS & BLOOD, for appellee.

THOMSON, P. J.

The appellant has made application to this court for an order upon the Honorable Frank P. Johnson, judge of the district court, by whom this cause was heard and adjudged, requiring him to sign and seal a bill of exceptions tendered by the petitioner.

The petition alleges the entry of the decree in the cause, the petitioner's prayer for an appeal to this court, the allowance of the appeal, the fixing of the time within which the petitioner should tender its

bill of exceptions and the tender of the bill within that time. The petition then alleges that, afterwards, the petitioner by its attorney appeared before the court for the purpose of having the bill of exceptions signed and sealed, but that the appellee interposed certain objections to the bill; that on the day the appeal was allowed, being some days after the rendition of the decree, the petitioner prayed the court to save an exception to the decree; that the bill of exceptions which was tendered set forth the prayer for the allowance of such exception, and that the judge declined to sign the bill of exceptions, not because the matter it contained was not true, but because he held, as a matter of law, that the bill should also show that at the time the exception to the decree was prayed the court refused to allow it to be entered.

The respondent judge has interposed an answer, setting forth a number of reasons why, in his opinion, the application should be denied; but we think a sufficient reason for its denial appears on the face of the petition, and we shall confine our discussion to that. The relief sought is mandatory, and the question before us must be determined by the rules of law which govern proceedings in mandamus. The order prayed, if allowed, would compel the signing and sealing by the judge who presided at the trial of the bill of exceptions as tendered by the petitioner. Mandamus lies to compel the performance of duties purely ministerial in their nature; but while it is an appropriate remedy to set the machinery of courts in motion, it will not control their action or direct the performance of any particular judicial act. —High's Ex. Rem., §§ 24, 152; *Union Colony v. Elliott*, 5 Colo. 371.

The act of signing and sealing a bill of exceptions after it has been settled is merely ministerial,

and may be compelled; but the duty of settling the bill—that is, of determining what it shall embrace—is judicial, and therefore, as to that, the judgment of the court or judge is not subject to control by mandamus.—Elliott's Appellate Procedure, § 798; *Hake v. Strubel,* 121 Ill. 321.

It appears from the petition that the bill of exceptions as tendered recited a prayer for the allowance of an exception to the decree interposed a considerable time after its rendition. The respondent held that having shown the prayer the bill should also show its denial by the court. The fact of the prayer for the allowance of the exception was not in dispute; but the judgment of the respondent seems to have been that a bill of exceptions reciting the prayer, which did not also show the ruling of the court upon it, was incomplete and was, therefore, not a proper bill. Whether this judgment was erroneous it is not necessary to inquire, but it was given in the exercise of a judicial power with which the respondent was clothed; and in this proceeding we are without authority to disturb it.—Elliott's Appellate Procedure, § 516; *Creager v. Meeker,* 22 Ohio State 207.

The petition will be denied.

*Petition denied.*

MAXWELL, J., not sitting.