(No. 20114.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STEVE HEARD, Plaintiff in Error.

*Opinion filed June 20, 1930.*

R. E. SMITH, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, GEORGE W. HOGAN, JR., State's Attorney, and JOEL C. FITCH, for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Steve Heard was indicted in the circuit court of Hamilton county for murder, was convicted of manslaughter and sentenced to the penitentiary, and has sued out this writ of error.

Heard was tried at the September term, 1929, which adjourned on September 30, after overruling his motions for a new trial and in arrest of judgment. At the April term of this court a motion was made by the Attorney General to strike the bill of exceptions. It appearing from the record that the September term adjourned on September 30, that an order was made allowing the defendant sixty days in which to file a bill of exceptions and that the bill of exceptions was not filed until December 23, the defendant suggested the diminution of the record and presented an order made on November 25, in vacation, after the September term, by the judge before whom the case was tried, extending the time to file a bill of exceptions thirty days, and the bill of exceptions was signed and filed on December 23. This order was a nullity. Where an order extending the time for filing a bill of exceptions beyond the term in which the case was tried has been made, the judge trying the case has no authority after the close of the term, even within the time limited for the filing of the bill, to grant a further extension of the time for that purpose, and his act purporting to do so is a nullity. Such an order is an exercise of judicial power, which can be performed only in term time. (*Hake* v. *Strubel,* 121 Ill. 321.) Therefore the motion to strike the bill of exceptions from the record was allowed.

In his brief the counsel for the defendant says that the only question involved in the case is whether or not the defendant, under the evidence, was justified in striking the deceased at the time he did, and if he was not, then he was guilty of manslaughter; if he was justified then he was not guilty of any crime under the law. This question can only be determined by a consideration of the evidence adduced on the trial, and the evidence can be shown only by a bill of exceptions. The bill of exceptions having been stricken from the record there is therefore nothing which can be reviewed, and the judgment must be affirmed.

*Judgment affirmed.*