ERASTUS L. CLARK et al., Plaintiffs in Error, *v.* HENRY WHITBECK, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

The question of jurisdiction with a justice of the peace, does not depend upon the amount of the claim filed; but the real amount due, ascertained from the evidence, furnishes the test.

THIS cause was by agreement submitted to the court, SPRING, Judge, presiding, for trial, at May term, 1849, of the Cook County Court, for trial. Judgment was rendered for Whitbeck.

E. W. TRACEY, for plaintiffs in error.

G. GOODRICH, for defendant in error.

TREAT, C. J. Whitbeck sued Clark and Edwards before a justice of the peace. He filed with the justice a promissory note made by the defendants for $36, and an account against

them for $66. The amount indorsed on the summons, as claimed by the plaintiff, was $100. The justice rendered judgment against the defendants for $80, from which they prosecuted an appeal. In the circuit court, they made a motion to dismiss the suit for the want of jurisdiction in the justice, which was overruled. The cause was then tried, and a judgment rendered against the defendants for $25. They now assign for error, the decision of the circuit court denying the motion to dismiss.

The court properly refused to dismiss the case. The question of jurisdiction did not depend upon the amount of the claim filed with the justice. The real amount due the plaintiff was the true test of jurisdiction; and that was to be ascertained from the evidence, and not by reference to the papers or proceedings before the justice. The statute requires an appeal case to be heard and decided on the merits, unless it affirmatively appears from the evidence, that the justice had no jurisdiction of the subject-matter. The evidence clearly showed, that the amount of the indebtedness did not exceed the maximum of a justice's jurisdiction. It appeared upon two trials of the case, that less than $100 was due the plaintiff. The cases of Rogers *v.* Blanchard, 2 Gilman, 335; Bullard *v.* McCarty, 11 Illinois, 501; and Hough *v.* Leonard, 12 Ibid. 456, are expressly in point.

The judgment is affirmed.

*Judgment affirmed.*