ROBERT N. NEECE, Plaintiff in Error, *v.* JAMES L. HALEY, a minor, who sues by his next friend, Defendant in Error.

### ERROR TO GREENE.

A bill of exceptions signed and filed on the seventeenth of September, when the trial was on the fourteenth, will be good, when it appears to have been taken at the term, if it shows that the exceptions were properly taken, although no reason appears why the bill was not signed on the fourteenth.

Although property apparently remains with a defendant in execution, the ownership may be shown elsewhere, if the transaction is one of good faith, and of this the jury can judge.

DEFENDANT in error filed his declaration below in replevin, claiming property and the right of possession in and to a certain bay mare, which had been duly replevied.

To this declaration plaintiff in error filed three special pleas: *Non detinet;* Plea of property in H. N. Haley; That plaintiff in error, on the 6th day of February, 1859, was a constable in and for the county of Greene, Illinois; that on said day, said Neece, as said constable, had in his hands a valid execution, issued on a valid judgment, rendered by a justice of the peace in and for said county, against the goods and chattels of one H. N. Haley; that on said 6th day of February, said mare was liable to be taken on execution issued against the said H. N. Haley, as his property; and that in pursuance of the commands of said execution, said constable did then and there levy upon and seize said mare as the property of said H. N. Haley, by virtue of said execution, and that at the time of the institution of this suit the said Neece held said mare by virtue of said levy and seizure.

Defendant in error filed a similiter to the first plea, a replication to the second plea, alleging property in himself, and a replication to the third plea, denying that said mare " was subject to said execution as the defendant hath alleged in his said plea."

The jury found the issues in favor of said James Haley, WOODSON, Judge, presiding.

Whereupon Neece moved the court for a new trial, because

the verdict was contrary to the evidence, and because said verdict was contrary to law. Which motion was overruled by the court, and defendant, Neece, excepted. Whereupon the court rendered judgment in favor of plaintiff below, and awarded a writ of *retorno habendo* for a return of the property.

Errors assigned : The court erred in overruling said motion for a new trial; and in rendering judgment for plaintiff.

KNAPP & CASE, for Plaintiff in Error.

J. H. BERRY, for Defendant in Error.

BREESE, J. A preliminary question is raised here, as to whether the bill of exceptions found in the record is legitimately a part of the record.

It seems the cause was tried September 14th, 1859, and the bill signed and filed September 17th. The exceptions were taken, as the bill shows on its face at the time the decision of the court was pronounced on the several motions. This the bill shows affirmatively ; but the bill was not signed at the time the exceptions were taken, and no reason given why it was not; but as the exceptions were taken on the trial, the bill will be considered as having been signed at the term, and so the record shows.

The plaintiff in error assigns, as error, the refusal of the court below to grant a new trial.

The evidence is somewhat contradictory and unsatisfactory. The jury trying the case knew the parties and witnesses, and have decided it in favor of the plaintiff in replevin, and we cannot say they decided wrong. The plaintiff proved, by two witnesses, that he had purchased the mare for value, before any execution had issued against the person from whom he purchased. That before there was any controversy about it, he claimed her and bought feed for her.

It is said, however, there was no change of possession. The facts are, that the plaintiff was a minor, living with his brother, from whom he purchased, and working for him on his farm. We have said, in *Brown* v. *Riley*, 22 Ill. R. 52, " Whilst a sale of personal property, without a delivery and change of possession, is fraudulent as to subsequent purchasers and creditors, if the sale is made in good faith, for a sufficient consideration, and possession is taken by the purchaser, it is valid to pass the title against all creditors not having a lien upon it, and a loan of the property by the purchaser to the seller, for a temporary purpose, or the employment of the seller to use the property in the pursuit of the business of the purchaser, will not avoid the sale,

27

and render it liable to sale on an execution issued after the purchase." It may be a circumstance against the fairness of a transaction, that the seller is subsequently found in possession, to be judged of by the jury. It is for them to determine whether such possession is *bona fide* or only colorable.

The jury believed the transaction fair, and we cannot say they were mistaken, or misunderstood the facts. The judgment must be affirmed.

*Judgment affirmed.*