THE ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in Error, *v.* AARON PALMER, Defendant in Error.

ERROR TO LEE.

Where the body of a bill of exceptions shows that the exceptions were taken at the proper time, although the bill itself was not signed and sealed until some days after the trial, it is sufficient.

THIS was a suit commenced by Palmer against the company, in trover, for one patent self-raking reaper, value $200, and one other reaping machine, value $175.

Plea: general issue.

Trial, and verdict for plaintiff for $150.

On the trial, plaintiff called *Elijah Austin,* who testified that he was acting as agent for the plaintiff in selling reapers, in 1857. Plaintiff shipped reapers to witness at Sublette, sometime before the commencement of this suit. He called on the agent of defendant at Sublette station, at defendant's freight house, for one of Palmer's reaping machines, which machine was consigned and shipped to witness at Sublette, by plaintiff. Witness demanded of the freight agent to know the amount of freight due on said reaper; that the agent claimed a charge for other freight which had been previously shipped on defendant's road, and which was also at the freight house, and refused to

state the amount of charges on this reaper only. Witness tendered to the agent $15, which was more than the regular freight charged by the company for similar shipments made by same parties. Witness, as the agent of plaintiff, demanded the reaper. The reaper was marked "Aaron Palmer, Sublette." It was plaintiff's reaper; the firm sold them at $150. The defendant's agent refused to deliver the reaper unless witness paid the whole bill, which included charges on parts of reapers shipped by same parties, but were not plaintiff's property.

On cross-examination, witness stated that he had no personal knowledge of who owned the reaper, except as plaintiff had told him; never saw plaintiff in possession of it, and was never present when plaintiff purchased or made any bargain for it. The reaper was manufactured by John Palmer & Co., and shipped by John Palmer to Sublette. John Palmer and plaintiff are brothers; witness, when he demanded the reaper, did so upon the written order of John Palmer.

Witness had an arrangement with the plaintiff to sell reapers for him at Sublette, which reapers plaintiff shipped to witness as his agent; that this reaper was sent to him under the same arrangements and in the same manner that other reapers were by the plaintiff, which witness was in the habit of selling.

The court, EUSTACE, Judge, presiding, at the request of plaintiff, instructed the jury as follows:

1st. Under the pleadings in this case, the defendant admits the plaintiff's property and right of possession to the extent required to maintain the action of trover.

2nd. If the jury believe, from the evidence, that the defendant refused to deliver the property to plaintiff, or his agent, and did not claim at the time of the refusal to retain it for the charges thereon, that he is now estopped from setting up that claim as a reason for not delivering the property.

3rd. That a common carrier has no lien upon or right to detain goods or merchandise shipped from one place, and at one time, for charges on other goods shipped at another place and at another time.

4th. That it is not necessary to make a formal tender of money for the charges of transportation, when the party declined stating the amount claimed for charges, and refused to receive the money, provided there is a readiness to pay whatever is proved by the evidence. To the giving of these instructions, the defendant excepted.

The defendant asked the court to instruct the jury as follows:

1st. The statements of the plaintiff, or John Palmer, in this case, not coupled with any acts, are not evidence going to show the plaintiff's title.

2nd. That the plaintiff in this action must prove that he was *prima facie* the owner of the property claimed, or he cannot recover.

3rd. That the fact, if proved, that the property was demanded under an order from John Palmer, by witness, is evidence tending to show that the property was the property of John Palmer.

4th. That the plaintiff must prove, first, that the property was the property of the plaintiff; second, that if the defendants were common carriers, they are entitled to retain the property until their charges are paid, and the plaintiff must prove a tender of the charges.

Which instructions the court refused to give.

Defendant moved for a new trial. The court sustained the motion, upon the terms that the defendant should pay all the costs made by either party. To the refusal of the court to grant a new trial except upon the condition aforesaid, defendant excepted. Costs not being paid, judgment was rendered upon the verdict.

Errors assigned: The court erred in giving each of the instructions asked by plaintiff; in refusing to give the instructions asked by defendant severally; in refusing to grant a new trial unconditionally; and in rendering the judgment in manner and form aforesaid.

B. C. Cook, for Plaintiff in Error.

J. K. Edsall, for Defendant in Error.

Caton, C. J. It is conceded that the court erred in giving one instruction for the defendant in error, and in refusing to give one instruction asked by the plaintiff in error, but the objection is made that no exceptions were taken to these decisions upon the trial. The exceptions noted in the bill of exceptions are stated in the present tense, and the bill of exceptions was actually sealed and filed some days after the trial. This would show that the exceptions were not taken till that time, were it not shown in the body of the bill of exceptions that the exceptions were actually taken on the trial. The bill gives a chronological history of the trial, showing the decisions, and then the exceptions taken, and that after that, the verdict was rendered, and then a motion was made for a new trial, and overruled. That must end all controversy as to when these exceptions were taken. They were taken at the proper time, and the plaintiff in error is entitled to the benefit of them.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*