# WILLIAM BROWNFIELD *et al.*
### *v.*
# THOMAS BROWNFIELD.

1. INJUNCTION BOND—*when condition broken.* Upon suing out an injunction to restrain the defendant from "claiming and using certain personal and real estate," an injunction bond was given, the condition of which provided for the payment of "all such costs and damages as should be awarded against the complainants in case the injunction should be dissolved:" *Held,* there could be no recovery upon the bond except for such damages as may have been awarded by the chancellor on the dissolution of the injunction, in the mode provided by the act of 1861.

2. INJUNCTION—*practice on dissolution.* In such case it is the duty of the party damnified by the granting of an injunction, at the time of its dissolution to suggest his damages, and have the same adjudged to him by the court, and failing to do so, he is estopped from a recovery on the bond.

3. BILL OF EXCEPTIONS—*when may be signed.* A bill of exceptions may be signed at a term of court subsequent to the trial, when the record shows that it was, by the courts, ordered to be presented at that term.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

Mr. C. B. SMITH, for the plaintiffs in error.

Mr. WM. B. WEBBER, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Suit was brought on an injunction bond, with a penalty of $1,000, which contained this condition:

"Now, therefore, the condition of the above obligation is such, that if the above named complainants, their executors, administrators, or any of them, shall, and do well pay, or cause to be paid, to the said Thomas Brownfield, his executors, administrators or assigns, all such costs and damages as shall be awarded against the complainants, in case this injunction be dissolved, then the above obligation to be void, otherwise to remain in full force and effect."

Besides the bond and record of the proceedings, the proof submittted, was, that defendant in error had paid attorneys'.

fees in defending the suit enjoined, to the amount of $2,700. The injunction was dissolved, and costs were adjudged against the complainants, but no damages. It was admitted that the costs had been paid.

The court below rendered judgment for the penalty of the bond.

The injunction, in this case, was not granted to stay a judgment at law, but to restrain the obligee from "claiming and using certain personal and real estate." As the injunction was not issued under the statute, there is no prescribed rule in regard to the amount or condition of the bond. This is left to the discretion of the judge, or master, who may grant the writ. The condition might have been such as to include necessary counsel fees which were paid in defending the injunction.

The important question is, is there a breach of the condition until there is an award of damages? Can the damages be awarded in a suit on the bond, when there was no award of damages on the dissolution? Must not the breach, in fact, exist before the institution of the suit?

The language of the condition is, that the obligors "pay all such damages as shall be awarded against the complainants, in case the injunction shall be dissolved." Upon suggestions in writing at the time of the dissolution, the court would have assessed damages. The statute provides, that in all cases where an injunction is dissolved, the court, after such dissolution, and before final disposition of the case, upon suggestion of the party claiming damages, shall hear evidence and assess such damages to the party damnified as the case may require, and may award execution therefor. (Sess. Laws 1861, 133.)

It was the duty of the party damnified to suggest his damages at the time of dissolution, and if they were not paid or collected in due course of law, the obligors would be liable on their bond.

According to the condition, the damages must be awarded—adjudged—"against the complainants." James Myers, one of the obligors, was not a complainant, but merely the security

of the complainants. His liability attached, only on condition that complainants failed to pay the damages awarded. None were awarded, and therefore there was no failure, and no breach of the condition.

In actions on such bonds as this, the penalty is not recoverable. The judgment should be for the penalty, to be discharged upon the payment of the damages assessed. No damages can be assessed if there be no breach, and the breach —the violation of the obligation—must precede the institution of the suit upon the bond. In this case, as no damages were awarded prior to the trial, there was no breach at the time of the commencement of the suit. Neither the principal obligors nor their security could comply with the condition of the bond. They could not fix their own liability, and the obligee had failed to have it determined by the judgment of the court. It would be an anomaly to hold a party liable for what he could not discharge without the necessity of a suit to determine his liability. The failure to have the damages awarded at the time of the dissolution of the injunction, prevents any recovery upon the bond. *Roberts* v. *Fahs*, 36 Ill. 268.

This view is sustained by a consideration of the statute referred to. This confers full power upon the judge, to award damages upon the dissolution of the injunction. There the power is best reposed. The bond is held as security for the non-payment of the damages.

The objection is made by counsel for defendant in error, that there is no record of the evidence before us, as the bill of exceptions shows that it was signed at a term after the trial. It was, however, directed to be prepared at the subsequent term, by the judge, by an entry on the record. There is no force in the objection.

The judgment is reversed and the cause remanded.

*Judgment reversed.*