# CASES

## IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1881.

## THE PEOPLE EX REL. HALEY

### v.

## FRANKLIN BLADES.

1. BILL OF EXCEPTIONS.—Although, strictly speaking, exceptions taken during the progress of a trial should be preserved by tendering a bill of exceptions at the time of the ruling of the court upon the point, yet courts have long sanctioned the practice of allowing a party to prepare one bill of exceptions embodying all the rulings of the court during the trial.

2. EXTENDING TIME FOR FILING.—Courts have the unquestioned power, by an order entered of record, to extend the time for the presenting and filing of a bill of exceptions, to a given time in vacation, or to a succeeding term of court.

3. MANDAMUS TO COMPEL JUDGE TO SIGN—BILL NOT PRESENTED IN TIME.—Where a bill of exceptions is not presented to a judge for his signature within the time fixed by the court, he is under no obligation to sign it; nor does the fact that counsel had agreed that it was correct, impose such obligation.

ORIGINAL petition for mandamus. Opinion filed January 6, 1882.

At this term of this court the petitioners filed their petition for a writ of mandamus against Franklin Blades, one of the judges of the eleventh judicial circuit, to compel him to sign a bill of exceptions. The material allegations of the petition

are that the June term, 1878, of the Iroquois County Circuit Court was held by respondent, and that in a certain cause in replevin, wherein one James W. Gaff was plaintiff and the relators were defendants, tried at said term, a judgment was rendered in favor of the plaintiff, and the defendants obtained time to present a bill of exceptions until the next term of that court. That within the time limited by the order of court, defendants, by their attorneys, prepared a bill of exceptions and obtained an endorsement thereon by the attorneys of the plaintiff; that said bill was correct, and then presented the same to respondent, requesting him to sign and seal the same, but for some reason unknown to the relators, the respondent neglected and refused to sign the same, and caused the said bill to be filed in the office of the clerk of said circuit court without his signature thereto. The relators aver that thereupon they sued out of this court a writ of error to reverse the judgment of the court in said cause, and after the transcript of the record was filed in this court, they discovered that said bill of exceptions had not been signed by the respondent, and they then again presented to said judge the said bill, and asked that the same be signed by him, which he refused. That said writ of error is still pending and undetermined, and they are prevented from having a hearing upon the merits, because of such wrongful refusal of said respondent to sign and seal said bill of exceptions, and thereby make the same a part of the record in said cause. On the return day of the summons issued herein, the respondent filed his answer to said petition, in which he admits that he held said June term of the Iroquois Circuit Court, that he tried said cause, and that judgment was rendered therein as alleged in the petition; alleges that the defendants asked for and obtained an order of court extending the time for them to prepare and present a bill of exceptions in said cause, until the first day of the next term of said court, which was the first Tuesday in November, A. D. 1878. He avers that no bill of exceptions was presented to him within the time limited by the order, and the first knowledge he had that any bill had been prepared, was after the commencement of the term of this court, to which the writ of

The People v. Blades.

error in said cause was made returnable. That at that time one I. W. Holland, attorney for the relators, did present to him what purported to be a bill of exceptions in said cause, and requested him to sign it, which he refused to do, for the reason that it had not been presented within the time allowed by the order of court; that he did not then examine said bill to ascertain if the same was correct, but did notice thereon the endorsement of the attorney for the plaintiff, that the same was correct.

The respondent further says, that if said bill of exceptions had been presented to him within the time allowed, he would cheerfully have signed the same, if upon examination he had found the same correct, and if not found correct, he would have aided counsel in preparing one that he could sign, but insists that counsel cannot by any statement that such bill is correct, bind him to make the same a part of the record. The respondent denies that he ever had said bill of exceptions in his possession, or that he caused the same to be filed in the clerk's office as alleged in said petition, but charges the fact to be that the attorney of said relators had the same filed without noticing whether the same had been signed or not.

The respondent says that he now has no sufficient recollection of the facts testified to on the trial, to determine whether said bill is correct or not, and does not in fact now remember the names of the witnesses except one, an old acquaintance, who since said trial has died, and under all the circumstances he insists he should not be compelled to sign and seal said bill by the order of this court. To this answer the petitioners filed their demurrer, and the respondent joined therein.

Mr. A. W. BULKLEY, for relators.

Mr. E. F. BULL, for respondent.

PER CURIAM. Exceptions taken to the action of the court in civil causes, during the progress of a trial, ought in strictness to be preserved by tendering a bill of exceptions, at the time of the ruling of the court upon the point; but as the practice of preserving every exception by a bill, as the trial pro-

ceeds, is productive of great delay and inconvenience, the courts have sanctioned the practice, allowing a party after the conclusion of the trial, to present one bill of exceptions, wherein is embodied all the rulings of the court to which an exception was taken, at the time when the opinion of the court was announced.

And now courts have the unquestioned power by an order entered of record in the cause, to extend the time for the presenting of such bill to a given time in vacation, or to a succeeding term of court. Brownfield v. Brownfield, 58 Ill. 152; Goodrich v. Cook, 81 Ill. 41; but in all cases when prepared, signed and sealed, the bill must appear to have been taken and signed at the trial. Evans v. Fisher, 5 Gilm. 453. A party therefore does not forfeit his right to preserve his exceptions to the opinion of the court, from the fact alone that he does not at the time of taking such exception, incorporate it in a bill, and present it to the court to be signed and sealed during the progress of the trial, provided he shall obtain from the court an order permitting him to present a bill at some future time. Such order, when entered of record in term time, operates as an extension of the time limited by the stricter practice, and a party who has asked for and obtained the order, should show that he has complied therewith in presenting his bill within the time granted to him for such purpose, before he can demand, as a matter of right, that the judge who tried the cause, should sign a bill presented to him after the trial is concluded.

It being admitted upon the record here, that the bill of exceptions was not presented within the time fixed by the order of court, the respondent was under no legal obligation to make the same a part of the record in that cause, by signing and sealing it, nor does the fact that counsel had agreed that it was correct to impose such obligation upon him, as he must determine its correctness for himself, under the solemnities of his official oath. Being of the opinion that the answer filed herein shows a sufficient excuse in law for the refusal of Judge Blades to sign the bill, the demurrer thereto must be overruled, and a mandamus refused.

Mandamus refused.