## Parish v. Hendrickson et al.

1. Practice—*Bills of Exceptions.*—The statute contemplates that an exception to an act of the court is to be made a part of the record simultaneously with the act excepted to, and it should appear on the face of the record as having been done so; but in our practice such simultaneousness is impossible, and the appearance of it on the face of the bill is a fiction, not essential to the validity of the bill.

2. Evidence—*Abuse and Vituperation Inadmissible.*—The admission of evidence which is merely abuse and not narrative is error.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed July 12, 1893.

The opinion states the case.

OSBORNE BROS. & BURGETT, attorneys for appellant.

JOHN T. RICHARDS, WILLIAM BRACE and ALDRICH, PAYNE & DEFREES, attorneys for appellees.

OPINION OF THE COURT, GARY, P. J.

The appellant sued the appellees upon a promissory note, and failed to recover.

· A motion is made by the appellees to strike out the bill of exceptions.

The trial ended February 10, 1893, the motion for a new trial was denied and judgment entered on the 18th, and an order then made that the appellant "have thirty days from this day in which to prepare and file a bill of exceptions in said cause." The bill was dated, signed and filed March 14, 1893.

It is true that the statute contemplates that an exception to any act of the court should be made a part of the record simultaneously with the act excepted to, and as the appellees urge, that should, on the face of the record, appear to have been done. That is, that the bill of exceptions should appear on its face, to have been then signed. Evans v. Fisher, 5 Gilm. 453; Burst v. Wayne, 13 Ill. 664; People v. Blades, 10 Ill. App. 17; Wabash R. R. v. People, 106 Ill. 653; People v. Hawes, 25 Ill. App. 326; ·129 Ill. 123.

But in practice such simultaneousness is impossible. Wright v. Sharp, Salkeld, 288; and the appearance of it on the face of the bill is a fiction, not essential to the validity of the bill. Brownfield v. Brownfield, 58 Ill. 152; Wallahan v. People, 40 Ill. (two cases), 102, 103; Ill. Cen. R. R. v. Palmer, 24 Ill. 43; Neece v. Haley, 23 Ill. 416.

The motion is therefore denied.

On the merits of the case the pleas set up want of consideration and fraudulent representations.

That there was in fact no value in that for which the note was given, is clear; but value and consideration are not . synonymous.

The appellant and one McCormick had been for a few days partners, as real estate and loan brokers, under the name and style of Parish & McCormick.

The note sued upon was given to the appellant as part of the price for admitting Carl Davis Hendrickson into the firm. He and the appellant both being witnesses, testified contrary to each other as to whether the appellant falsely represented the then past business and then present condition of the firm to Hendrickson.

McCormick testified by deposition.

One question to him was, "Who induced you to become a member of the firm of Parish & McCormick, and what was the condition of the firm's business at the time of your admission?"

He answered: "Any capital that was in the business I put it in. Parish had the cheek and gall. Of course Parish induced me to become a member by misrepresentation. Parish said he had property in his own name on the west side, and had control of large property for sale, over $250,000 worth, had the control of large sums of money for loaning purposes; all of which statements were false. All the property mentioned I afterward ascertained to be in his wife's name, and less than $200 paid on it by commissions, earned through sales made for Batcheller, from whom Mrs. Parish bought the property originally."

The appellant moved to strike out of the answer all following the word "member," and excepted to the denial of the motion.

Exceptions by the appellant were also taken to the admission of other parts of that deposition, as follows:

"Parish lied to Hendrickson, as he lied to me, about his business connections and properties that he owned and money that he controlled, and property that he alleged he controlled, either for sale or rent. * * * I never was so deceived by any man as I was by the plaintiff in this matter, in regard to the property of Parish, McCormick & Co."

The appellees hardly attempt to justify the admission of

this vituperation, but contend that the result would have been the same without as with it. That was for them to consider before putting it in. The appellant was entitled to a fair trial.

There was an issue of veracity between him and Hendrickson. Naturally all sympathy would be with the latter, who had received no value for the note he was sued upon. He was not entitled to corroborate his own testimony, by other testimony that was incompetent. It may be, though perhaps, not very probable, that the incompetent testimony turned the scale in his favor.

There is a great deal of conflict in the cases as to admitting evidence of other transactions, where fraud is charged.

One wishing to pursue the inquiry can make a good start from Day v. Stone, 59 Texas, 612, for, and McKay v. Russell, 3 Wash. St. 378, against the admission.

We justified it in Tolman v. Smith, 43 Ill. App. 562, because the appellant has opened the door for it as rebuttal.

On this record the general question does not arise, but if such evidence be admissible, the testimony quoted is, to a considerable extent, mere abuse, not narrative.

There are many other questions presented, but they are such as may not again arise if the case is tried upon only competent evidence.

For the error in not excluding the language quoted, the judgment is reversed and the cause remanded.