## McCormick Harvesting Machine Co. v. James Breen.

1. AGENTS—*Power to Receive Other than Money in Payment of Notes Left for Collection.*—An agent intrusted with the collection of a promissory note, can receive payment in money only, unless authorized by his principal to receive payment in some other mode.

Assumpsit.—On promissory notes. · Appeal from the Circuit Court of, Grundy County; the Hon. GEORGE W. STIPP, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

GEO. W. HUSTON and S. C. STOUGH, attorneys for appellant, contended that it is gross negligence for a person to pay a promissory note under any circumstances without obtaining possession of it. Keohane v. Smith, 97 Ill. 156.

If a party would be secure in paying negotiable paper, before or after maturity, he must see to it that he pays to the holder of the note, and not to the one who has been, but is not when payment is made. He should ask to see the notes before he pays them, and should take them up when paid. McClellan v. Bartlett et al., 3 Ill. App. 481.

An agent intrusted with the collection of an account, can receive payment in money only, unless he is especially authorized to receive payment in some other mode. Story on Agency, Sec. 98, 413, 430; Mechem on Agency, Sec. 375; Tiedeman on Commercial Papers, Sec. 375; Mathews v. Hamilton et al., 23 Ill. 416, 418; Hadfield v. Green, 85 Ill. 529, 530.

The one dealing with a collection agent is bound to ascertain, at his peril, the true extent of the agent's authority. Mathews v. Hamilton et al., 13 Ill. 416, 418; Hadfield v. Green, 85 Ill. 529, 530; Reynolds v. Ferree et al., 86 Ill. 570, 576.

E. L. CLOVER, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT. In 1891, appellee purchased a McCormick binder of appel-

lant's agent, W. T. Daniher, for $135, for which he paid $35 cash and executed two promissory notes for $50 each, payable to appellant, one due October 1, 1892, and the other due October 1, 1893. The notes were delivered to appellant. Daniher was at the time, in addition to acting as the agent of appellants, engaged in merchandising and buying produce at the village of Kinsman. Speculations on the Chicago Board of Trade resulted disastrously to him, and in September, 1893, he failed and left the place. A receiver was appointed to take charge of his affairs and among his papers was found one of the above mentioned notes, the one due October 1, 1892, which had been sent him for collection. The receiver returned it to appellant at Chicago.

On December 10, 1894, George Suearly, the traveling collecting agent of appellant, called on appellee at his home in Grundy county for the purpose of collecting the two notes. Appellee was unable to pay them, but instead executed a new note covering the two and interest, for $120.10 and $15 atttorney fees, with power to confess judgment, etc.

Subsequently judgment was entered on the last mentioned note. Appellee moved to open the judgment and presented an affidavit in support thereof alleging that the two $50 notes had been paid by him to Daniher, and that the $120.10 given to Suearly was obtained from him by fraud and circumvention.

The judgment was opened and appellee pleaded payment, and also that the $120.10 was obtained by fraud. There was a trial by jury resulting in a verdict for the defendant.

A reversal of the judgment is asked because of errors in the admission of testimony, improper instructions, and because the verdict is against the evidence.

Appellee swore that the two $50 notes were paid by him, in the fall of 1892, by hauling in and delivering to Daniher, oats. In this he is contradicted by Daniher, who swore that appellee never paid him anything on either of the notes, in oats, hogs or otherwise. There is no evidence whatever that Daniher had authority to accept anything but money in payment of notes sent him for collection. An agent in-

trusted with the collection of a promissory note, can receive payment in money only, unless authorized by his principal to receive payment in some other mode. Chitty on Contracts, 819; Tiedeman on Commercial Paper, 645; Mathews v. Hamilton et al., 23 Ill. 416; Madder v. Beven, 39 Md. 485; Spear v. Ledergerber, 56 Mo. 465.

Appellant embodied this principle in instructions offered, but the court eliminated it by modification and instructed the jury in behalf of appellee, " that payment of a note in oats or grain or other commodity, is just as good and valid a payment, if accepted, as a payment in cash." The modification of appellant's instruction was error, and the above mentioned one for appellee should not have been given, because there was no evidence that Daniher (the only person to whom it was claimed payment had been made), had authority to accept oats or other commodity in payment.

The court erred in allowing to go to the jury the transactions and conversations between an agent of appellant and the father of Daniher, in the fall of 1893, and the fact that judgment notes had been taken for old notes against Frank Nelson and Kauer Burger, and judgments entered upon them.

We are inclined very strongly to the opinion that the testimony of appellee, with reference to payment of the two $50 notes in oats, and that in which he claims that he was deceived by Suearly, when the $120.10 note was executed, is untrue, but we prefer to reverse the judgment, because of error of the court in the admission of testimony and in passing upon instructions. Reversed and remanded.