## R. D. Ward v. William Montgomery.

1. WAIVER—*Form of Action.*—A person who is entitled to bring an action in tort for the conversion of property may waive the tort and bring the same in assumpsit.

2. JUSTICES' COURTS—*But one Form of Action.*—There is but one form of action in justices' courts.

3. DEMAND FOR POSSESSION—*When unnecessary.*—When the circumstances of a case clearly evince that a demand for possession of personal property would have been disregarded and entirely unavailing, a formal demand before bringing suit for its value is unnecessary.

**Assumpsit,** for value of property converted. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

### STATEMENT OF THE CASE.

Appellee obtained judgment against appellant before a justice of the peace, and also in the Circuit Court on appeal, for the value of a house which had been erected upon a lot belonging to appellant under contract, it might be removed.

Appellee did not build the house, but with the acquiescence of appellant acquired the right and interest of those who did, and for a time had possession of it.

Appellant finally possessed himself of the building, exercised exclusive control thereof, and in response to a demand from appellee for rent, refused to pay, and wrote him a letter, which was properly construed by the court to assert appellee had no right in the house, and to challenge him to institute suit in order it might appear he had no such right or interest.

Appellee brought assumpsit for the value of the house —prevailed—and hence this appeal.

MILLS BROTHERS, attorneys for appellant.

LEFORGEE & LEE, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee might have brought his action in tort, but we feel concluded by the case of Elgin v. Joslyn, 136 Ill. 532, to hold he could waive the tort and bring assumpsit.

Aside from this the justice had jurisdiction in actions for taking or detaining personal property, and there is but one form of action in such courts.

Appellant had possession of the building, exercised acts of exclusive dominion over it, in denial of the right of appellee, and his conduct and the letter written by him to appellee clearly evinced a demand for possession would have been disregarded and entirely unavailing.

A formal demand was therefore unnecessary. Keller v. Robinson, 153 Ill. 458; Cooley on Torts, 524, 525; 5th Amer. & Eng. Ency. of Law, p. 528, note 2.

The contention of appellant he held possession under agreement with appellee, he should do so in order to secure to him the repayment of taxes paid by him upon the house, it and the lot having been assessed and taxed together, was submitted to the jury under instructions which are not questioned.

The testimony on the point whether he was so authorized to possess himself of the building, was conflicting, and no reason appears we should assume to interfere with the finding of the jury upon it.

The judgment is affirmed.