WALSH, Respondent, v. PATTERSON, Appellant.

St. Louis Court of Appeals, January 26, 1909.

APPELLATE PRACTICE: Bill of Exceptions: Record Proper. Unless a bill of exceptions is filed during the term at which the appeal is taken it must appear from the abstract of the record proper that an order was made of record during the term extending the time for filing the bill thereafter and that the bill was actually filed within the time thus extended or within the time of some future extension.   Recitals of such facts in the bill of exceptions are not sufficient.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*D. S. Mayhew* for appellant.

*T. D. Steele* for respondent.

NORTONI, J.—This is an appeal on the short form, under section 813, Revised Statutes 1899 (sec. 813, Mo. Ann. St. 1906).   All of the assignments of error and arguments in the briefs are directed to matters of exception, which should appear for review in the bill of exceptions.   The abstract of the record proper presented here discloses that a judgment was given in favor of the plaintiff on September 19, 1907; that motions for new trial and in arrest of judgment were filed

within proper time thereafter, and duly overruled. It also appears that during the same term and on the 28th day of September, an appeal was granted to this court. There is nothing appearing in the abstract tending to show that the bill of exceptions was allowed and filed during that term of the court. Although it appears, in what purports to be a bill of exceptions, that on the 28th day of September, at the time the court allowed the appeal, it also granted the defendant leave to prepare and file a bill of exceptions within ninety days from that date, there is not a word in the abstract of the record proper tending to show that there was an order or record entry made during the term, granting the defendant leave to file the bill at any time after the adjournment of the court. And in fact nothing appears in the abstract of the record proper tending to show the date on which the bill of exceptions was filed, if it was filed at all. In such circumstances we are not permitted to review matters of exception on appeal. Unless the bill of exceptions is filed during the term at which the appeal is allowed, it must appear from the abstract of the record proper that an order was made of record during the term extending the time for filing the bill thereafter, and that the bill was actually filed within the time thus extended, or within the time extended by such future competent extensions as may be made. The recital in what purports to be the bill of exceptions itself, to the effect that leave was granted to file the bill after adjournment of the term, is insufficient, for the bill cannot be permitted to prove itself. The integrity of the bill of exceptions must be vouched by orders *aliunde* thereof in the record proper. It has been decided many times that the abstract of the record proper on file in this court must evince an entry on the record made during the term extending the time thereafter for filing the bill and that the bill was filed during the time so extended, or within the time of subsequent competent extensions. Unless this ap-

pears, the appellate court is permitted to review only matters arising on the record proper. [School District v. Boyle, 113 Mo. App. 340 and numerous authorities therein cited.]

The record proper is in all respects sufficient and the judgment will therefore be affirmed. It is so ordered. *Reynolds, P. J.,* in result, and *Goode, J.,* concurs.