**Howard M. Lawton et al., trading as A. D. Lawton & Sons, Plaintiffs in Error, v. J. C. Ewing, Defendant in Error.**

### Gen. No. 7,902.

1. JUSTICES OF THE PEACE—*jurisdiction as limit of appellate jurisdiction of circuit court.* The circuit court has no greater jurisdiction, on an appeal from a justice of the peace, than was had by the justice of the peace himself.

2. JUSTICES OF THE PEACE—*test for determination whether action for an amount within jurisdiction of justice.* The test as to whether an action is for an amount within the jurisdiction of a justice of the peace is not the amount which the evidence may show is actually due, but the amount of recovery asked in the suit.

3. CHATTEL MORTGAGES—*purchase of mortgaged property with constructive notice of mortgagee's right to reclaim in case of unauthorized sale as conversion of mortgagee's interest.* Where a duly recorded purchase money mortgage covering personal prop-

erty empowered the mortgagee, if the mortgagor sold the property without the mortgagee's written consent, to take possession of the property without regard to the maturity of the note secured by such mortgage, and the mortgagor, without such consent, conveyed the mortgaged property by an absolute bill of sale wherein he covenanted that he had full power and lawful authority to make such sale, an action by the mortgagee against the mortgagor's vendee to recover the value of the mortgagee's interest in such property was improperly dismissed on the ground that the sale to such vendee was of the mortgagee's equitable interest alone and did not constitute a conversion.

4. JUSTICES OF THE PEACE—*jurisdiction of action to recover value of interest of mortgagee in mortgaged property against vendee of mortgagor purchasing with only constructive notice of mortgage.* In view of Cahill's St. ch. 79, ¶ 16, conferring jurisdiction upon justices of the peace of actions for damages for taking, detaining or injuring personal property, a justice of the peace has jurisdiction of an action by the mortgagee of personal property against a vendee of the mortgagor thereof, to recover the amount of the mortgagee's interest in such property, where the mortgage, duly recorded, empowered the mortgagee to take possession of the property in the event of its sale without his consent, and the sale to defendant was in breach of such mortgage provision, notwithstanding the facts that the defendant purchased the property under a claim of right by the mortgagor to sell it, and that defendant had resold the property without actual notice of plaintiff's claim.

5. APPEAL AND ERROR—*order for bill of exceptions and order extending time for filing same, as part of common-law record.* The order for a bill of exceptions, and the order extending the time within which to file such bill, as to the order itself is properly a part of the common-law record, and does not become a part of the record by being incorporated in a bill of exceptions.

6. APPEAL AND ERROR—*when Appellate Court will enter judgment for plaintiff in error on reversal of judgment dismissing appeal to circuit court from justice of the peace.* Where an action by the mortgagee of personal property to recover the value of the mortgagee's interest therein from a vendee of the mortgagor who purchased in violation of the provisions of such mortgage, was improperly dismissed for want of jurisdiction on appeal to the circuit court from a judgment of a justice of the peace for the amount of mortgage debt, the Appellate Court, on reversing the judgment of dismissal, will enter judgment for plaintiff in error for the amount so shown to be due.

Error by plaintiffs to the Circuit Court of Fulton county; the Hon. GEORGE C. HILLYER, Judge, presiding. Heard in this court at the October term, 1925. Reversed. Opinion filed April 15, 1926.

GLENN RATCLIFF and ROBERT F. WHITE, for plaintiffs in error.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for defendant in error.

PER CURIAM.

Two principal questions are raised upon this writ of error: First, the jurisdiction of a justice of the peace over the subject matter of the suit; and, second, whether the order of court permitting a bill of exceptions to be filed is a part of the common-law record or must be made a part of the record by a bill of exceptions. Plaintiffs in error were plaintiffs below and defendant in error was defendant below, and we shall refer to them as plaintiffs and defendant.

The evidence shows that on April 20, 1921, the plaintiffs sold to one Ralph Connor five cows for a consideration of $290. In payment of the cattle Connor gave plaintiffs a note which he secured by a chattel mortgage on the cows purchased and on two horses. The mortgage and note were dated the same day the cattle were sold. The mortgage was duly acknowledged and was recorded in Schuyler county, where the mortgagor resided, on April 28, 1921. The note was made payable one year after date and drew interest at the rate of 7 per cent per annum. The mortgage contained a provision that if the mortgagor should sell the mortgaged property without the permission in writing of the mortgagees, the mortgagees were authorized immediately to take possession of and sell the mortgaged property, without regard to the maturity of the note. On August 10, 1921, Connor sold the cows which he had purchased from the plaintiffs, to the defendant Ewing, and the cattle were hauled from Connor's resi-

dence in Schuyler county in two trucks. A bill of sale was executed and delivered by Connor to defendant for the five cows, other live stock and growing crops, which was recorded in Schuyler county on August 16, 1921. Subsequent to the time the cows were purchased by defendant, an attorney at Rushville went to see the defendant in Fulton county, where the defendant resided, and informed the defendant that he had been trying to find Ralph Connor, and inquired if the defendant had purchased some cattle from Connor. In reference to the cattle defendant stated to him: "We traded for them; we called up the recorder and clerk of Schuyler county before we took them and asked if there was a chattel mortgage on them and he said 'no.'" In the same conversation the attorney, acting for plaintiffs, informed the defendant that there was a chattel mortgage on the cattle given by Connor to the plaintiffs. He further informed defendant that if he could locate Connor he would make him pay it, if possible, otherwise he would look to the defendant. The defendant informed him that he would consult his attorney and let him know what he would do in regard to making a settlement. Defendant stated that he did not know what had become of the cattle and did not know where Connor was. After consulting with his attorney, defendant refused to do anything about the matter. Plaintiffs sued defendant in justice court for the value of their special interest in the five cows, amounting to the sum of $290, without interest, and there was a judgment against the defendant in the sum of $275. A copy of the original summons is not set out in the transcript or record, but plaintiffs claim the suit was brought for the sum of $290 and that the interest on the note was waived. Defendant appealed the case to the circuit court of Fulton county and, a jury having been waived, the cause was tried by the court. Plaintiffs submitted proofs tending to show that the value of the five head of cattle, when taken

by the defendant, was $290, and some of the witnesses placed the value of the cattle at from $300 to $350. In other respects the proofs established the facts as herein set out.

At the close of plaintiff's evidence the defendant, by his counsel, moved the court that the cause be dismissed on the ground that the justice of the peace had no jurisdiction of the subject matter of the suit, and the court, on that motion, dismissed the suit. Plaintiffs have brought the record to this court on a writ of error for review.

The circuit court had no greater jurisdiction upon appeal than had been conferred upon the justice of the peace. *Motsinger v. Chenoweth,* 308 Ill. 31; *Beesman v. City of Peoria,* 16 Ill. 484. From the bill of exceptions filed it seemed to be agreed by court and counsel that the jurisdiction of the justice of the peace should be determined by the nature of the evidence submitted, and defendant contends that the jurisdiction of a justice of the peace does not depend upon the amount of the claim filed but that the real amount due, ascertained from the evidence, furnishes the test, citing *Happel v. Brethauer,* 70 Ill. 166; *Clark v. Whitbeck,* 14 Ill. 393, and *Hough v. Leonard,* 12 Ill. 456. There is some language used in *Clark v. Whitbeck, supra,* to the effect that the true test of jurisdiction is not the amount claimed in the summons but the true amount of the indebtedness as shown by the evidence. The other cases cited do not support defendant's contention. In many cases it has been held that a creditor has the right to reduce his claim in order to bring it within the jurisdiction of a justice of the peace. *Simpson v. Updegraff,* 1 Scam. (Ill.) 594; *Raymond v. Strobel,* 24 Ill. 113; *Carpenter v. Wells,* 65 Ill. 451; *Wright v. Smith,* 76 Ill. 216; *Hull v. Webb,* 78 Ill. App. 617; *Cable Co. v. Elliott,* 122 Ill. App. 344; *Young v. Mueller Bros. Art & Manufacturing Co.,* 124 Ill. App. 96. We cannot agree with the contention of the defendant.

It is further contended by defendant, in support of the judgment of dismissal, that Connor sold his equitable right only in the cattle, subject to the chattel mortgage, and that the defendant had the right to purchase the cattle subject to the mortgage and that defendant's purchase and sale of the cattle did not constitute a conversion. The bill of sale from Connor to defendant, placed on record in Schuyler county, shows an absolute sale and the grantor covenants that he has full power and lawful authority to make said sale, which disposes of this contention on the part of the defendant. It is further contended, in support of the judgment of dismissal, that the defendant, having purchased the cattle under a claim of right, and having disposed of them with no knowledge of plaintiffs' claim, is not guilty of a conversion and cannot be sued in assumpsit, and that plaintiffs' suit, therefore, is brought to recover upon a species of tort or in case, upon which a justice of the peace does not have jurisdiction and that the suit was properly dismissed. In *Bailey v. Godfrey,* 54 Ill. 511, the court held: "The mortgage was duly executed and recorded, and the contract between the parties is one that is recognized by the law as valid; it must be held, that whoever buys the property described in the mortgage, takes the same with constructive notice of the lien thereby created. By the express terms of the mortgage, the mortgagee, therefore, had the right to follow and reclaim the property wherever it could be found, and also the right to use, for that purpose, any appropriate common law action."

It was further held in this case: "If it is intended by this instruction to assert the principle that, before a party can recover in trover, he must either have the actual possession of the property, or the immediate right of possession thereof, then it certainly states a correct principle of law." This case has been followed in *Schillo v. White,* 207 Ill. App. 392, where it

is held: ''The chattel mortgage now before us provides *inter alia* that the mortgagee (plaintiff) shall be entitled to the immediate possession of the property '* * * if the mortgagor shall sell or assign or shall attempt to sell or assign the said chattel.' When the defendant White sold the said automobile to defendant Millard, without first satisfying the mortgage indebtedness or obtaining plaintiff's consent thereto, he committed a breach of covenant, whereby plaintiff became entitled to the immediate possession of the property, as against the mortgagor (White) or any one claiming under him, and, being unable to recover the property, an action in trover would lie for the wrongful conversion thereof. (38 Cyc. 2028; 28 Amer. & Eng. Encyc. of Law 667; *Bailey v. Godfrey,* 54 Ill. 507; *Bank of Commerce of Kansas City v. Morris,* 114 Mo. 255.)''

And in *Ridge v. Giffrow,* 220 Ill. App. 592, the court held: '' 'And it is essential that the plaintiff at the time of the conversion should have not only the right of property in the chattel, but also the right to its immediate possession. (Chitty Pl. 149; *Bailey v. Godfrey,* 54 Ill. 509; *Forth v. Pursley,* 82 Ill. 152; *Owens v. Weedman,* 82 Ill. 409; *Bertholf v. Quinlan Bros. & Co.,* 68 Ill. 297.) The plaintiff must show a legal title. His right to possession must be immediate, absolute and unconditional, and not dependent upon some act to be done by him. * * * Cooley in his work on Torts says on p. 445: ''When, therefore, it is said that the plaintiff in trover must have had, at the time of the conversion, the right to the property, and also the right of possession, nothing more can be intended than this: That the right of which he complained to have been deprived must have been either a right actually in possession, or a right immediately to take possession. It is not enough that it be merely a right of action, or a right to take possession at some future day.'' ' *Frink v. Pratt,* 130 Ill. 327; *Union Stock Yards*

& Transit Co. v. Mallory, Son & Zimmerman Co., 157
Ill. 554.''

In *Union Stock Yards & Transit Co. v. Mallory, Son
& Zimmerman Co.*, 157 Ill. 554, the court held (page
560): ''In an action of trover, which is a possessory
action, the plaintiff must recover upon the strength
of his own title and not upon the weakness of his ad-
versary's title; and he must show not only a tortious
conversion of the personal property by the defendant,
but also that, at the time of the alleged conversion,
he had the right of property, general or special, in
the chattels converted, and also the possession, or a
right to the immediate possession thereof. There
must be a concurrence both of the right of property,
general or special, and of the actual possession or the
right to immediate possession, and this concurrence
must exist at the time of the conversion. (*Davidson
v. Waldron*, 31 Ill. 120; *Forth v. Pursley*, 82 Ill. 152;
*Owens v. Weedman*, 82 Ill. 409; *Montgomery v. Brush*,
121 Ill. 513; *Frink v. Pratt*, 130 Ill. 327; 26 Am. & Eng.
Ency. of Law, p. 744.)''

Under the terms of the mortgage given by Connor
to the plaintiffs upon any sale of the property, made
without the consent of the mortgagees, the plaintiffs
immediately became vested with the right to the pos-
session of said property. Plaintiffs were also vested
with a special right in said property to the amount of
the mortgage debt. No demand was necessary in the
case at bar, because it is shown by the proofs that a
demand would have been unavailing. Wells on Reple-
vin, sec. 373; *Cranz v. Kroger*, 22 Ill. 74; *Sinamaker v.
Rose*, 62 Ill. App. 118; *Freehill v. Hueni*, 103 Ill. App.
118.

By section 16 of chapter 79 of the Revised Statutes
[Cahill's St. ch. 79, ¶ 16], justices of the peace are
given jurisdiction in actions for damages for taking,
detaining or injuring personal property. It is held in
*Knight v. Seney*, 290 Ill. 15, that any unauthorized

act by which an owner is deprived of his property permanently or indefinitely, or the exercise of dominion over property inconsistent with the rights of the owner, is a conversion, and by a long-settled line of authorities justices of the peace have jurisdiction in actions of trover. *Calverley v. Steckler,* 126 Ill. App. 586; *Reno v. Woodyatt,* 81 Ill. App. 553; *Ward v. Montgomery,* 67 Ill. App. 346. It is the opinion of this court that the circuit court of Fulton county had jurisdiction to hear and determine the cause at issue on an appeal from a justice of the peace.

Defendant made a motion to strike the bill of exceptions filed by plaintiffs which was taken with the case. The order of court for a bill of exceptions is preserved only by the record and is not contained in the bill of exceptions signed and approved by the judge. There was an extension of time within which the bill of exceptions could be filed granted by another judge at a later term but within the time allowed in the original order. Defendant contends that these orders should have been preserved by a bill of exceptions, signed and sealed by the respective judges, and are not a part of the record proper, or the common-law record. We do not find that the Supreme Court of this State has passed on this identical question. The law is well settled that the court has the power to enter an order, at a subsequent term, extending the time for filing a bill of exceptions, provided that the order is entered before the expiration of the time allowed during the term the cause is disposed of, for filing such bill of exceptions. *Pieser v. Minkota Milling Co.,* 222 Ill. 149; *Richter v. Chicago & E. R. Co.,* 273 Ill. 627; *Spiehs v. Insull,* 278 Ill. 187. The order entered at the subsequent term extending the time to file a bill of exceptions may be entered by a judge other than the judge who heard the case. *People v. Rosenwald,* 266 Ill. 548, 555.

The Supreme Court, in the case of *Hake v. Strubel,*

121 Ill. 321, on page 326, states: ''By an unbroken line of decisions it has been held by this court that the exception must be taken at the time the alleged erroneous ruling or decision was made; and, also, that the bill of exceptions should show upon its face that the exception was taken at the time, and the bill signed, sealed and filed during the term. But to meet the varying exigencies, and for the convenience of bench and bar, the practice early obtained of allowing time in which to present the bill of exceptions, *by an order entered of record in the cause,* or by a written stipulation of parties filed in the case; and the time thus allowed often extended beyond the term, and the correctness of this practice has been repeatedly sanctioned by this court. See *Evans v. Fisher,* 5 Gilm. 453; *Burst v. Wayne,* 13 Ill. 664; *Brownfield v. Brownfield,* 58 Ill. 152; *Goodrich v. Cook,* 81 Ill. 41.''

The same proposition is again announced by the Supreme Court in the case of *People v. Rosenwald,* 226 Ill. 548. The court on page 551 says: ''By a long and unbroken line of decisions this court has also held that a bill of exceptions was originally intended to be reduced to form and signed during the term in which the cause is tried, except in cases where counsel consent, or the judge *by an entry on the record directs,* that it may be prepared in vacation and signed *nunc pro tunc.* (*Evans v. Fisher,* 5 Gilm. 453; *Wabash, St. Louis & Pacific Ry. Co. v. People,* 106 Ill. 652; *Burst v. Wayne,* 13 Ill. 664; *Hake v. Strubel,* 121 Ill. 321; *Ferris v. Commercial Nat. Bank,* 158 Ill. 237; *West Chicago Street R. Co. v. Morrison Co.,* 160 Ill. 288; *Railway Conductors' Benefit Ass'n v. Leonard,* 166 Ill. 154; *Chaplin v. Illinois Terminal R. Co.,* 227 Ill. 166; *Haines v. Danderine Co.,* 248 Ill. 259; *Hill Co. v. Guaranty Co.,* 250 Ill. 242.)''

The rule announced in the above cases that the proper practice of securing an extension of time in which to file a bill of exceptions is, ''by an order en-

tered of record in the cause," has been announced in numerous cases decided in this State. *Turner v. Rutledge,* 13 Ill. App. 461; *Chicago Union Traction Co. v. Hansen,* 125 Ill. App. 157; *Dougherty v. People,* 118 Ill. 160.

The proposition attempted to be advanced by defendant in this case was passed on by the Supreme Court in the case of *Brownfield v. Brownfield,* 58 Ill. 152. The court in passing on the question stated at page 154: "The objection is made by counsel for defendant in error that there is no record of the evidence before us, as the bill of exceptions shows that it was signed at a term after the trial. It was, however, directed to be prepared at the subsequent term, by the judge, by an entry on the record. There is no force in the objection."

The Appellate Court in the case of *Parish v. Hendrickson,* 50 Ill. App. 329 at page 330, also denied a motion made to strike the bill of exceptions from the record on the ground that the same was not signed at the term at which the cause was disposed of. The court held that the order entered at the time that the judgment was rendered allowing to appellants 30 days in which to prepare and file a bill of exceptions was a sufficient basis for denying the motion where the bill was filed before the expiration of such time.

No authority can be cited which supports the proposition contended for by defendant. It is true that some of the cases in stating what is contained in the common-law record make no mention of the order fixing the time for filing a bill of exceptions. It is also true, however, that these cases do not make mention of the fact that the order allowing an appeal is any part of the common-law record. Nevertheless, the Appellate Court of the first district in the case of *West Chicago St. R. Co. v. Scanlan,* 68 Ill. App. 626, held that the appropriate place for the prayer and allowance of an appeal is in the common-law record of a

case and not in the bill of exceptions. This was affirmed by the Supreme Court in 168 Ill. 34.

This court has frequently held that before error can be assigned on a motion for a change of venue, a bill of exceptions must preserve the motion and the ruling thereon. We do not believe, however, that it would be contended that the court to which the venue is changed would be without jurisdiction where the transcript showed the order allowing the change of venue, even though such order was not preserved in the record by a bill of exceptions.

It is well settled that the court's order extending the time in which to file a bill of exceptions must be shown by the record proper, and defects or omissions in this regard cannot be supplied by recitals in the bill of exceptions. 4 Corpus Juris 62, notes 34 and 35. "Where it does not appear from the record proper that the bill of exceptions was filed at the same term as that in which motions for new trial and in arrest were overruled, or that time was allowed thereafter during the term to file the bill, a bill filed after adjournment of the term cannot be considered, although reciting that the court during the term allowed the appeal and granted time in which to prepare and file a bill. *Walsh v. Patterson,* 135 Mo. App. 345, 115 S. W. 1027." 4 Corpus Juris 62.

In view of the authorities cited we are constrained to hold that the order for a bill of exceptions and the order extending the time within which to file such bill, as to the order itself is properly a part of the common-law record and does not become a part of the record by being incorporated in a bill of exceptions.

One of the plaintiffs testified that the value of the cattle, when taken, was $290, and a disinterested witness testified that the cattle were worth from $60 to $70 per head; that the five cattle were of the value of $300. The special interest of plaintiffs in said cattle was certain and ascertained, being the amount of the

mortgage debt, namely, $290, with interest waived. The judgment of the circuit court of Fulton county will be reversed and in accordance with the practice as held in *Simpson v. Updegraff*, 1 Scam. (Ill.) 593, and *Schillo v. White,* 207 Ill. App. 390, judgment will be entered in this court for the amount of said debt.

*Reversed.*

The clerk of this court is directed to enter a judgment in this cause in favor of the plaintiffs in error that they have and recover from the defendant in error, J. C. Ewing, the sum of $290, including the costs of suit and costs in this court.